The State ex rel. v. The County Court of Jackson County.

THE STATE *ex rel.* THE BOARD OF MANAGERS OF THE REFORM SCHOOL OF JACKSON COUNTY V. THE COUNTY COURT OF JACKSON COUNTY.

1.  **Constitutional Law** : SPECIAL LEGISLATION : REFORM SCHOOL OF JACKSON COUNTY. An act to establish a reform school for juvenile offenders "in all counties in this state in which there is located a city of over fifty thousand inhabitants" is in violation of section 53, of article 4, of the constitution of the state, prohibiting the passage of any special or local law, since the act was designed to operate in the present and on an existing state of facts, and can apply to but one county in the state.

2.  ———: ———: ———: JUDICIAL NOTICE : CENSUS RETURNS. This court will take judicial notice of the census returns and of the fact that Jackson county is the only county in this state to which the act in question can be made applicable, or was intended to be applied when it was passed, and it is as objectionable that the county was designated by a circumlocution as if it had been designated by name.

3.  **Special Law.** The case of the *State ex rel. Harris v. Hermann,* 75 Mo. 340, as to what constitutes a special law, followed and affirmed.

*Mandamus.*

WRIT DENIED.

*Geo. W. McCrary, Boggess & Moore* and *Scammon & Stubenrauch* for relator.

(1)  The act of the General Assembly of Missouri under consideration is general, and is not local or special legislation, and, therefore, not within the inhibition of section 53, article 4, of the constitution of Missouri, declaring that "the General Assembly shall not pass any local or special law regulating the affairs of counties or cities—incorporating cities, towns or villages—or changing their charters, or creating corporations, or amending,

reviewing, extending, or explaining the charters thereof." *Rutherford v. Heddens*, 82 Mo. 388 ; *State ex rel. Lionberger v. Tolle*, 71 Mo. 645 ; *State ex rel. v. Hermann*, 75 Mo. 340; *City of Topeka v. Gilette*, 4 Pac. Rep. 800 ; *Kilgore v. Mayer*, 85 Pa. St. 411 ; *State ex rel. Dover v. Wilcox*, 45 Mo. 458 ; *Kelly v. Meeks*, 87 Mo. 396 ; *State ex rel. Kemper v. Railroad*, 9 Mo. App. 532 ; *Commonwealth v. Patterson*, 88 Pa. St. 253, 258 ; *Devine v. Commissioners*, 84 Ill. 570 ; *Van Piper v. Parsons*, 11 Vroom (N. J.) 123 ; *State v. Mitchell*, 31 Ohio St. 592. (2) If the unconstitutionality of the reform school is not clear and undoubted, it is the duty of the court to hold it to be constitutional. *State ex rel. v. Railroad*, 48 Mo. 468 ; *County Court v. Griswold*, 48 Mo. 175 ; *Kelly v. Meeks*, 87 Mo. 396 ; *State v. Able*, 65 Mo. 362; *Stephens v. Bank*, 43 Mo. 385.

*B. L. Woodson*, prosecuting attorney, *E. A. Andrews* and *J. N. Southern* for respondent.

(1) The act of the General Assembly of the state of Missouri, entitled "An act to provide for the estabment and maintenance of reform schools in counties containing a city of over fifty thousand inhabitants, and to provide for the punishment therein of juvenile offenders" is unconstitutional. It is in violation of section 53, article 4, of the constitution of Missouri. *State ex rel. v. Hermann*, 75 Mo. 340; *State ex rel. v. Hammer*, 42 N. J. Law, 435; *Com. v. Patton*, 88 Pa. St. 258 ; *Scowden's Appeal*, 7 South. Law Review, 921 ; *Devine v. Cook County*, 84 Ill. 590 ; *Klokke v. Dodge*, 14 Chicago Legal News, 147 ; *State ex rel. v. Mitchell*, 31 Ohio St. 592. (2) The act in question is also violative of article 6, section 36, and article 10, sections 1 and 10, of the constitution. *Livingston v. Wider*, 53 Ill. 302 ; *Wider v. East St. Louis*, 55 Ill. 133 ; *People v. Mayor*, 51 Ill. 18.

*C. O. Tichenor*, also, for respondent.

(1)   The act in question is special legislation and in violation of section 53, article 4, of the constitution of Missouri.· *Cantieri v. New Brunswick*, 15 Vroom, 58 ; *Paronia Horse Ry. v. Jersey City*, 16 Vroom, 298 ; *State .ex rel. Harris v. Hermann*, 75 Mo. 340. (2) It is violative ·of article 6, section 36, of the constitution.    *State ex rel. Peck v. Riordan*, 24 Wis. 484.    (3) The state creates an ·institution for the county, and in this way actually and ·directly imposes a tax, to the extent of funds necessary to build and support it, upon the property of the county. It not only appropriates taxes collected, but taxes to be levied and collected.    This is a positive violation of article 10, sections 1 and 10, of the constitution,

SHERWOOD, J.—This is an original proceeding in this ·court, its object being to· compel by mandamus the performance by the justices of the county court of Jackson ·county of certain duties enjoined upon them by the provisions of an act, approved April 10, 1885.    On the part ·of the respondents it is insisted that the act in question is unconstitutional.    The first section of that act is· as follows :  '' Section 1.  That in all counties in this state in which is located a city of over fifty thousand inhabitants, .·there shall be and there is hereby established a reform ·school for the punishment, reform and education of juvenile offenders as hereinafter provided.''    Laws, 1885, p. 222.

It is quite plain from this section that the act in ·question violates those provisions contained in section fifty-three of article four, of the constitution of this state, in relation to the passage of a local or special law. The first section, just quoted, shows that it was designed ·to operate in the *present*, and on *an existing state of facts*, that is, '' in all counties of this state *in which is*

*located a city of over fifty thousand inhabitants.*" We take judicial notice of the census returns, and Jackson county is the only county in the state to which that section can be made applicable or was intended to be applied when the act was passed. · This fact is as apparent as if that county was designated by *name*, instead of by a circumlocution.

In the case of *State ex rel. Harris v. Hermann*, 75 Mo. 340, the subject of what constitutes a special law is fully considered, and it is not necessary that we traverse the same grounds again. Adhering to the views there announced, we deny the peremptory writ. All concur.