CARTER COUNTY, Appellant, v. JOS. L. HUETT et al.

Division One, March 7, 1924.

1. **DEMURRER TO PETITION:** Admissions. In a suit by the county for an alleged excess of salary paid to the prosecuting attorney, a demurrer to the petition admits that the salary alleged to have been paid was paid, but it does not admit the conclusion of the pleader that the salary paid was not authorized by law.

2. **CENSUS:** Judicial Notice. Courts take judicial notice of census returns made under the laws of the United States, and do so for the purpose of determining the populations of counties at a given time.

3. ————: Salary of Prosecuting Attorney: Dependent upon Population of County: Method of Ascertainment. Where the statute pro-

vided that prosecuting attorneys in counties having less than six thousand inhabitants shall receive a salary of five hundred dollars, and in counties having a population of six thousand and less than ten thousand a salary of one thousand dollars, and further provided that the number of inhabitants shall be ascertained by multiplying the whole number of votes cast at the last preceding Presidential election by five, "until after the population of such county shall have been ascertained by the next decennial census of the United States," the first method of ascertaining the population is applicable until the county court has notice or knowledge of the number of inhabitants in the county as ascertained by the decennial census; and the order of the county court directing that a warrant for one thousand dollars be issued to the prosecuting attorney in payment of his salary for the year 1920, nothing more appearing, must be considered as an ascertainment by the court from the U. S. Census that the population of the county was what the census showed it to be, namely, 7842, although the returns from the enumeration of population, made as of January 1, 1920, and required to be completed within thirty days after that date, were not transmitted for publication in book form until March 28, 1920.

4. ———: ———: ———: ———: Involved in Order to Issue Warrant. The salary of the prosecuting attorney for the year 1920 of a county which, by the U. S. Census of 1920, had a population of 7482, was one thousand dollars; and the fact that the returns of the enumeration of the population, made as of January 1, 1920, and required to be completed within thirty days after January 1st, were not transmitted by the Director of the Census for publication in book form until March 28, 1920, does not alter the fact that in some appropriate way the county court may have legally ascertained that the census showed such to be the population of the county, since the Act of Congress authorized the Director of the Census, upon a written request of a court of record, to furnish certified copies of so much of the returns as showed the population, and provided for the printing of preliminary and other census bulletins; and the making of the order by the county court directing an issuance of a warrant for one thousand dollars, nothing further appearing, involved the ascertainment that the population was between six and ten thousand inhabitants, and it cannot be held as a matter of law that the population was not ascertained from the census.

5. **SALARY OF PROSECUTING ATTORNEY:** Excessive Allowance **by County Court: Liability of Judges.** The judges of the county court, in allowing claims against the county, act in a *quasi-*

*judicial* capacity, and where they were not mistaken in the actual fact that the population of the county exceeded six thousand inhabitants, and the most that can be said of their order allowing the prosecuting attorney a salary of one thousand dollars is that they were mistaken as to the applicability of the statute directing how the population should be ascertained, they are not personally liable for their mistake, in the absence of fraud, corruption and malice. And a petition which simply charges that the payment of an excess of salary was illegal and wrongful does not state a cause of action against the judges of the county court which ordered the payment of the salary.

Headnote 1: **Pleading**, 31 Cyc. 333, 335. Headnote 2: **Evidence**, 23 C. J. sec. 1987. Headnotes 3 and 4: **District and Prosecuting Attorneys**, 18 C. J. sec. 48. Headnote 5: **Counties**, 15 C. J. sec. 383.

Appeal from Carter Circuit Court.—*Hon. E. P. Dorris,* Judge.

AFFIRMED.

*C. P. Turley* for appellant.

(1)    The whole number of votes cast in 1916, at the Presidential election in the County of Carter, was 1130. So the salary of the prosecuting attorney for the years or term of 1919 and 1920 was five hundred dollars.    This salary is fixed by Sec. 1005, Laws 1913, p. 108.    This latter part of said section has been our law since 1889.    Sec. 636, R. S. 1889.    (2)    The United States census of the population of 1920 has no bearing in this case.    The Act of Congress, approved March 3, 1919, provides that the census shall be taken in 1920, and as of January 1st; that the enumerators shall prepare and forward the returns to supervisor within thirty days, 40 U. S. Statutes at Large, Part 1.    (3)    No statute shall be construed in such manner as to be inconvenient or against reason.    Fanny v. State, 6 Mo. 122.

*Jos. L. Huett* and *Yount & Kearby* for respondents.

Carter County v. Huett.

(1) The population of Carter County January 1, 1920, was more than 6000. Hence the salary of the prosecuting attorney, as fixed by census, should have been $1000 for that year. Laws 1913, sec. 1005, p. 108. (2) A final order of the county court is in the nature of a judgment, is binding upon the parties thereto, and cannot be set aside at a subsequent term on the ground of error. Peake v. Reed, 14 Mo. 79; State ex rel. v. County Court, 51 Mo. 529; 11 Cyc. 403. (3) A judgment rendered, or a finding ascertained by a court of competent jurisdiction on the merits, is a bar to any future suit between the same parties or their privies, upon the same cause of action, in the same or another court, so long as it remains unreversed and not in any way vacated or annulled. 23 Cyc., 1106; McKnight v. Taylor, 1 Mo. 282; McKinney v. Davis, 6 Mo., 501; Chouteau v. Gibson, 76 Mo. 38; Erwin v. Henry, 5 Mo. 469; Brown v. Curtiss, 155 Mo. App. 381; Rodney v. Gibbs, 184 Mo. 1; Pickel Stone Co. v. Wall, 108 Mo. App. 495.

*C. P. Turley* for appellant in reply.

(1) The county court in passing on claims do not act so strictly as a court, or in the performance of a judicial function, that their allowance or disallowance of a claim is *res adjudicata.* State ex rel. v. Diemer, 255 Mo. 351; State ex rel. v. Hill, 272 Mo. 211. There is a blending of *quasi*-judicial functions and administrative duties, and all the decisions hold that such proceedings are not strictly judicial. (2) A party trying the issues on one theory in the trial court cannot have the appellate courts review the trial on a different theory; and the appellate courts will determine cases on the same theory on which they were presented to the trial court. Respondent's plea of *res adjudicata* is belated. Novelty Mfg. Co. v. Pratt, 21 Mo. App. 171; Meyer Bros. Drug Co. v. Bybee, 179 Mo. 354.

LINDSAY, C.—The trial court sustained a demurrer to the petition herein; judgment was entered for defendants, and the county has appealed. The defendant Huett was prosecuting attorney of Carter County for the term covering the years 1919 and 1920, and his co-defendants were the judges of the county court of that county during the period mentioned. For the year 1919 defendant Huett was paid the sum of $500 for his salary. For the year 1920 he received a salary of $1000, upon warrants issued under orders made by his co-defendants as constituting the county court. This suit was brought to recover the sum of $500 which is the amount it is claimed defendant Huett received for salary in the year of 1920, in excess of the amount authorized by the statute. That part of the petition which sets forth the facts constituting the measure of salary authorized, under plaintiff's contention, is as follows:

"Plaintiff further states that at the Presidential Election next preceding the years 1919 and 1920, 1130 votes were cast in the aforesaid County of Carter; that the salary of the office of prosecuting attorney of said county for the said years and term of 1919 and 1920, as determined by the population of said county as ascertained by the aforesaid Presidential Election, was by law fixed and limited for said years and term to five hundred dollars per annum."

The petition does not charge that the defendants acted fraudulently or corruptly. The acts of the defendants county judges are stated as follows:

"Plaintiff further states that defendant J. F. Emmons, W. N. Ball and Wm. Sartin, acting in their official capacity as members and judges of the aforesaid county court, but in total disregard of their official duty and obligations and contrary to the plain provisions of the law, did during the year of 1920 wrongfully and illegally allow the said Jos. L. Huett one thousand dollars as and for salary as prosecuting attorney of aforesaid county, for the said year of 1920; and did wrongfully and ille-

gally, by various orders, made and entered of record, at regular and other legal meetings of said court, order, direct and command the clerk of aforesaid county court to draw and issue county warrants in favor and to the order of the said Jos. L. Huett for the said sum of one thousand dollars as salary as prosecuting attorney of the aforesaid county for the aforesaid year of 1920.''

The ground of the joint demurrer filed by defendants was that ''said petition fails to state facts sufficient to constitute a cause of action against said defendants.'' The demurrer was sustained as to all of the defendants.

The statute governing salaries of prosecuting attorneys at the time herein involved was the act approved March 20, 1913. [Laws 1913, p. 108.] Under that act it was provided that prosecuting attorneys in counties having a population of less than six thousand inhabitants should receive a salary of five hundred dollars per annum, and in counties having a population of six thousand and less than ten thousand inhabitants should receive $1000 per annum. The act contained the following provision:

''The number of inhabitants of any county shall, for the purpose of this section, be ascertained by multiplying the whole number of votes cast at the last preceding presidential election by five, until after the population of such county shall have been ascertained by the next decennial census of the United States.''

This provision had formed a part of the statute for many years and remained so until the Act of 1921 (Laws 1921, p. 574), when a material change was made.

The demurrer admits that 1130 votes were cast in Carter County at the last preceding presidential election (in 1916); that the county judges made orders or authorized the issuance of warrants for the payment of $1000 as salary to defendant Huett for the year 1920, and the receipt by him of that sum, but it does not admit the conclusions pleaded in the petition. The petition asserts that the salary was limited by law to $500 for the year 1920, by reason of the number of votes cast in the

Presidential election of 1916, and under the first method of ascertainment of the population of the county set forth in the provision quoted. This raises the issue of the applicability of the second provision, under the decennial census of 1920, and the plaintiff makes that issue prominent in the briefs filed. Courts take judicial notice of census returns made under the laws of the United States, and this court will do so for the purpose of determining the population of counties of this State at a given time. [State ex rel. v. Herrmann, 75 Mo. 352; State v. County Court, 89 Mo. 237; State ex inf. Crow v. Evans, 166 Mo. 347; State ex rel. Brunjes v. Bockelman, 240 S. W. 209.] Accordingly, we take judicial notice that Carter County, under the census of 1920, had a population of 7482 inhabitants.

The contention made in the brief of plaintiff is that the census of 1920 could not be made the means of ascertaining population for the purpose of determining this salary until "after it was officially tabulated, announced and declared and thus made known to the world—and to county judges." It may not be improper to observe that Volume 1 of the Census of 1920, containing the returns as to the population, was not transmitted for publication by the Bureau of Census until March 28, 1921, as appears from the official letter of transmittal published in the preface to that volume.

The act providing for the taking of the 14th decennial census is found in 40 United States Statutes at Large, Part I, at page 1291. It provided for taking the census of population as of January 1, 1920; that enumeration should begin on the day following, and that each enumerator within thirty days should complete his enumeration and forward his returns to the supervisor of his district. The Director of the Census was authorized, upon written request of a court of record, to furnish such court of record with certified copies of so much of the population or agricultural returns as might be requested, and also to "prepare special statistical compilations for

state or local officials upon payment of the cost of such work," and the act also provided for the printing of "preliminary and other census bulletins." The act provided for inquiries into various subjects other than population, and created a census period of three years beginning on the first day of July 1919, and provided that the reports upon the inquiries provided for should be completed within such period.

The salary of a prosecuting attorney is paid "upon the warrant of the county court issued in favor of the prosecuting attorney to the county treasurer for that purpose." The salary is graded according to the population of the county. In this relation the county court is required to ascertain, to know, not as taker of a census, but as a county agency, the population of the county. For the purpose of paying this salary, the population is to be "ascertained" by the county court itself, and two methods for its ascertainment of that fact are prescribed by the statute. The one, is to multiply by five the whole number of votes cast in that county at the last preceding presidential election; the other, is by notice or knowledge on the part of the county court of the population of the county as ascertained by the decennial census. The statute by its terms made the first rule or method of ascertainment applicable until the second became available. The word "ascertain," is defined in Webster's New International Dictionary as follows: "To render (a person) certain; to cause to feel certain," and in Funk & Wagnalls' New Standard Dictionary: "To learn with certainty about; make one-self sure of."

As to the fact that Carter County as of the first day of January, 1920, had such a population as put it in the class whose prosecuting attorneys were entitled to receive a salary of $1000 per annum, there is, and can be, no dispute. The substance of plaintiff's contention is that this fact was not and legally could not have been ascertained, within the meaning of the statute, so as to make it applicable to the salary of the prosecuting attorney for the year of 1920. There is nothing here showing an

express or specific finding by the county court of the population of the county, but the making of orders for the issuance of warrants for the payment of the increased salary involved an ascertainment of the existence of a population within a given minimum and maximum limit. The defendants judges of the county court, in auditing and paying the salary of the prosecuting attorney, were in the exercise of their statutory authority, and it cannot be said as a matter of law, under the terms of the Census Act, or under the statute, that the population of the county was not ascertained, or that as a matter of law it could not have been ascertained by the decennial census of 1920 for the purpose of determining the salary paid. This is said as applicable to the case against all of the defendants herein.

It may be further observed that the defendants county judges sustain a materially different relation to the subject-matter of the suit from that borne by defendant Huett. The county judges were not mistaken as to the fact. The most that is or can be urged under the petition is that they were mistaken in their judgment as to the application of the statute. The relation of county judges, and the grounds of their liability or non-liability in like cases are stated in State ex rel. v. Diemer, 255 Mo. l. c. 354:

"The premises considered it becomes apparent that, although we have held that in the matter of allowing claims against the county they act in a public, ministerial, administrative, or auditing capacity, yet in their performance of ministerial duties in allowing claims their acts partake of the nature of judicial acts and are so related thereto in color and substance that they may be deemed not inaptly *quasi*-judicial. On that account they are protected from personal liability except in the inflamed case of fraud, corruption or malice. It must be obvious that were the law otherwise it would be impossible to get suitable persons to perform the many and important public duties assigned, under our system, to county courts. He would be a bold man who would put

his personal fortune to the hazard of mistakes in deciding the nice and complicated questions put up to that body."

The petition charges that the acts of the county judges resulting in payment of the excess of salary claimed, were illegal and wrongful, and sets up the facts alleged to be determinative of the illegality, but it does not charge these acts were fraudulently or corruptly done, nor does the language used in the petition imply guilt arising from arbitrary, wanton, oppressive or fraudulent conduct, in that it failed to state a cause of action against those defendants in the relation which they bore.

The judgment of the trial court should be affirmed. *Small, C.,* concurs.

PER CURIAM:—The foregoing opinion of LINDSAY, C., is adopted as the opinion of the court. All of the judges concur.