## C. L. CUNIO v. FRANKLIN COUNTY, Appellant.

Division One, July 30, 1926.

1. **SALARY: De Jure Officer: Services Rendered.** Salary pertaining to an office is an incident to a legal right to the office, and not to the performance of its duties.   The **de jure** officer is entitled to the salary, but if he is not legally appointed or elected he is entitled to no salary, although he may act as a de facto officer and perform the duties of the office.

2. ———: **Probation Officer: Appointment by County Court.**   The statute (Sec. 1144, R. S. 1919) declares that "the circuit judge shall designate or appoint an officer of the county or some other person to serve as probation officer," and the word "designate," when used in connection with the appointing power, is equivalent to "appoint;" and a person who claims the salary pertaining to the office must be able to show, by the records of the circuit court, that he was appointed probation officer by the circuit judge, otherwise he was not a **de jure** officer.   A record of the county court reciting that the salary of "the probation officer" be fixed at fifty dollars per month is not sufficient to establish his legal right to the office, and is not evidence that he was legally appointed.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

REVERSED.

*John W. Booth* and *Fred H. Kasmann* for appellant.

(1) Taking and subscribing the oath of office prescribed by the Constitution is a prerequisite to holding any office under the authority of the State. State v. Dierberger, 90 Mo. 369; State ex rel. v. Gray, 91 Mo. App. 438. And, in cases not otherwise provided for by law, no one can legally exercise the powers of an office until commissioned by the Governor. State ex rel. v. Pool, 41 Mo. 32; Sheridan v. St. Louis, 183 Mo. 25. (2) An appointment to a public office must be in writing. It cannot be made orally. This is the common law. Throop on Public Officers, sec. 86. (3) One who sues to recover salary as a public officer (if his right is put in issue) must show that the salary has been given by law, or prescribed according to law. Throop on Public Officers, sec. 661; State ex rel. v. Police Commissioners, 80 Mo. App. 219; State ex rel. v. Allen, 187 Mo. 564; Shed v. Ry. Co., 67 Mo. 690; Williams v. Chariton County, 85 Mo. 646; Lamar Township v. Lamar, 261 Mo. 171. And in such a suit (if the right of the plaintiff is put in issue) the plaintiff must establish his right to the office *de jure*. The fact that he holds the office *de facto* is not in such a case sufficient to authorize him to recover. Throop on Public Officers, secs. 659, 661. (4) The probation officer for Franklin County can only be appointed by the circuit court of that county by the judge of that court. The best evidence of appointment is the record. In the absence of a record of that court showing such an appointment there can be no such appointment legally made. A probation officer for said county is entitled to no salary other than such as may in fact be prescribed by said circuit court. R. S. 1919, secs. 1144, 1145, 1147.

*D. W. Breid* and *A. E. L. Gardner* for respondent.

(1) The circuit judge shall designate or appoint some officer of the county or some other suitable person to serve as probation officer. Sec. 1144, R. S. 1919. And shall receive such salary as the circuit court may with the approval of the county court prescribe. Sec. 1147, R. S. 1919. (2) All officers are not commissioned by the Governor, and in the case of a *de facto* officer it is not absolutely essential that the oath of office be taken. State v. Dierberger, 90 Mo. 369. No provision is made for the commission of the probation officer. Secs. 1134 to 1152, R. S. 1919. (3) Oath of office need not be reduced

to writing unless required by statute. Hays v. Parrish, 52 Ind. 132; Dallas Railroad Co. v. Day, 3 Tex. Civ. App. 353; State v. Board of Equalization, 108 Mo. 235. (4) Other states have held that a *de facto* officer is entitled to salary. Miller v. Seney, 81 Ga. 489; Gorman v. Boise County, 1 Ida. 655; Erwin v. Jersey City, 60 N. J. L. 141; Deane v. Green County, 66 How. Pr. (N. Y.) 461; State v. Draper, 48 Mo. 213; State v. Clark, 52 Mo. 508; State v. John, 81 Mo. 13; Dickerson v. Butler, 27 Mo. App. 9.

OTTO, J.—This proceeding, instituted originally in the Circuit Court of Franklin County, but by change of venue tried in the Circuit Court of St. Louis County, Division No. 2, was brought to recover salary alleged to be due plaintiff as Probation Officer of defendant, Franklin County, for a period of ten months, from September 1, 1921, to June 30, 1922, inclusive. The judgment of the trial court was for the plaintiff and the county appealed.

The action was instituted, and proceeded, on the theory that plaintiff was the duly appointed Probation Officer of said county, and as such, entitled to the salary thereof under and by virtue of the provisions of Sections 1144, 1145 and 1147, Revised Statutes 1919.

The answer, insofar as the appointment of plaintiff to said office and his right to the salary thereof are concerned, is a general denial. As a further defense to plaintiff's cause of action, defendant attacks the constitutionality of the law upon which the action is founded. However, in deciding the case, we deem it unnecessary to pass upon the constitutional questions. The decision turns on the fact of plaintiff's appointment to said office. If he was appointed thereto, he is entitled to the emoluments thereof.

It is a well-established principle that a salary pertaining to an office is an incident of the office itself, and not to its occupation and exercise, or to the individual discharging the duties of the office.

On the other hand, it is equally well settled that, if a person exercising the functions of an office is not entitled to the office, he cannot maintain an action for his services.

In Luth v. Kansas City, 203 Mo. App. 1. c. 113, the court said: "In this State it is held that a salary is attached to and depends upon the legal title to the office and that the *de jure* claimant is entitled to the salary even though he has not occupied the office or performed the duties thereof. [State ex rel. v. Walbridge, 153 Mo. 194, 203; State ex rel. v. Gordon, 245 Mo. 12, 28, 29.] And following the logical result of the rule stated in those cases it was held in Sheridan v. St. Louis, 183 Mo. 25, 38, 40, that a *de facto* officer who has performed the functions of the office cannot recover the salary attached to such office."

In Schulte v. City of Jefferson, 273 S. W. l. c. 172, the court said: "Plaintiff was not a *de jure* officer until at least confirmed by the council. If anything at all, he was a *de facto* officer, and such officer is not entitled to the emoluments of the office. [20 Cyc. 1393; Sheridan v. City of St. Louis, 183 Mo. 25, 39, 40, 81 S. W. 1082, 2 Ann. Cas. 480; Luth v. Kansas City, 203 Mo. App. 110, 113, 218 S. W. 901; Throop on Public Officers, sec. 517.]"

The statute, Section 1144, supra, provides: "The circuit judge shall designate or appoint an officer of the county or some other person to serve as probation officer under the direction of the court in cases arising under this article."

To establish his appointment under the foregoing section of the statute, plaintiff introduced a certified copy of an order of the County Court of said Franklin County of the tenor following:

"Sept. 1, 1919. Now on this day comes R. C. L. Cunio, probation officer for Franklin County, Missouri, and recommends that the salary of said officer be fixed at $50 per month."

To the introduction of this order counsel for defendant objected on the ground that said county court was without jurisdiction to appoint a probation officer. The trial court overruled the objection, counsel for defendant duly excepted to this action of the court and assigned same as error.

The statutes say that "the circuit judge shall designate or appoint" a probation officer.

"The word 'designate' when used by the appointing power in making an appointment to office, is equivalent to the word 'appoint.'" [3 Words & Phrases, page 2027, citing People v. Fitzsimmons, 68 N. Y. 514, 519.]

"The word 'appointed' means named or designated for or assigned to an office." [1 Words & Phrases, page 458, citing Brown v. O'Connell, 36 Conn. 432, 447, 4 Am. Rep. 89.]

Did the circuit judge, in accordance with the provisions of the law, appoint plaintiff to the office of Probation Officer? We think not.

The circuit courts of this State are courts of record, "and shall keep just and faithful records of their proceedings." [Sec. 2323, R. S. 1919.]

Said courts speak through their records, which are the evidence of their official acts.

In 7 Ruling Case Law, pages 1017 and 1018, section 45, on the subject-matter of "Courts," we find the following language: "Formerly the acts and judicial proceedings of certain courts were enrolled in parchment for a perpetual memorial, which rolls were called the record of the court, and were considered of such high and supereminent authority that their truth was not to be called in

question. It was from this fact that these tribunals derived their name of courts of record. In modern courts the parchment roll is discarded, but their records still retain their character as a judicial memorial of 'high and supereminent authority.' The court hears arguments upon its records; it decides upon its records; it acts by its records: its openings and sessions and adjournments can be proved only by its records; its judgments can only be evidenced by its records—in a word, without its records it has no vitality. The acts of a court of record are known by its records alone and cannot be established by parol testimony.''

The circuit judge of Franklin County, speaking by and through the records of the circuit court only, could legally appoint plaintiff to the office of Probation Officer, and the said copy of said order of the county court was inadmissible and incompetent as proof of his appointment to said office. Reversible error was committed in the admission in evidence of said record.

The plaintiff not having been duly appointed, and, as he was not a *de jure* officer of defendant county, this suit for salary cannot be maintained.

The plaintiff having failed in his proof, defendant's demurrer to the evidence should have been sustained. It follows, therefore, that the judgment of the circuit court should be reversed. It is so ordered. All concur, except *Graves, J.,* absent.