STATE EX REL. EDGAR S. NICOLAI, Relator, v. LOUIS NOLTE, Comptroller of the City of St. Louis, and JOHN J. DWYER, Treasurer of the City of St. Louis.—No. 39037.—180 S. W. (2d) 740.

Court en Banc, June 5, 1944.

*Calhoun & Boisseau, John W. Calhoun* and *Marvin E. Boisseau* for relator.

*Joseph F. Holland,* City Counselor, *H. A. Hamilton, George L. Stemmler* and *Charles J. Dolan,* Associate City Counselors, for respondents.

1074

■■■ DOUGLAS, C. J.—Edgar S. Nicolai, a member and Vice President of the Board of Aldermen of St. Louis has been serving as President of the Board. He brings this original proceeding in mandamus to compel the payment of his salary at the rate provided for the president namely, $3,000 per year. He has been receiving $1,800 a year, the salary provided for a member of the board. No additional salary attaches to the office of vice president. He also wants the difference for the past. We hold he is entitled to the higher rate.

The case turns on the question whether Nicolai, under the circumstances, acts as president as part of his regular duties as vice president or whether he has succeeded to the office itself.

William Dee Becker, the Mayor of St. Louis, died in an airplane accident on August 1, 1943. Upon that event Aloys P. Kaufmann, President of the Board of Aldermen, became Mayor and is now serving in that capacity. Since that date Nicolai, the Vice President of the Board, has served as President of the Board.

■■■ Article VII, Section 5 of the St. Louis Charter provides for filling a vacancy in the office of mayor. It states: "Whenever a vacancy occurs in the office of mayor, the president of the board of aldermen shall become mayor, and shall hold such office until a successor is elected and qualifies. Such election, if for an unexpired term, shall be at the first general city or state election held fifty days or more after such vacancy occurs. While so holding the office of mayor a temporary vacancy shall exist in the office of the president of the board of aldermen. The vice-president of the board of aldermen shall hold the office of president of said board during any vacancy therein with the right of succession to the office of mayor."

■■■ The intention of the framers of the charter seems clear that the president of the board was temporarily relieved of his office in order to become mayor. See State ex rel. Gragg v. Barrett et al., 352 Mo. 1076, 180 S. W. (2d) 730, handed down at the same time as this case. Under the Constitution (Art. IX, sec. 18) a person may not fill two municipal offices at the same time. In obedience to this provision the office of president had to be vacated to permit the president to fill the office of mayor. The charter so provides. To fill the vacancy thus created in the office of the president the charter then provides the vice president of the board "shall hold the office of

president." There can be no meaning attached to the use of different words in providing that the president shall *become* mayor and the vice president shall *hold* the office of president during any vacancy because the charter also provides that the president shall *hold* the office of mayor until a successor is elected. Although the charter does not specifically provide, nevertheless it follows that the vice president must become president, for the time being, in order to hold the office. Webster's New International Dictionary defines hold as to own or possess; to be in possession of; to occupy; to derive title to; as to *hold* office.

■ Respondents' argument that the office of president continues to be temporarily vacant and. its duties merely annexed to the office of vice president is contrary to the express provision of the charter that the vice president shall hold the office. The charter does not provide that the duties of president shall be annexed to the office of vice president; or the vice president under such condition shall act as president; or the vice president shall perform the duties of president. The charter does contain such a provision relating to the office of mayor when the mayor is temporarily disabled or absent. Article VII, Section 3 states: "During the mayor's temporary disability or absence from the city his powers and duties shall devolve upon the president of the board of aldermen, or if said president shall also be absent or disabled upon the vice president of said board." The absence of similar language from the charter provision under consideration is significant of an intention contrary to respondents' argument.

There is a provision of the charter, Article IV, Section 6 which directs that the board of aldermen shall choose from its membership a vice president "to act in the case of absence, disability or failure to act of the president." None of these cases ipso facto cause a vacancy in the office of president. See Article IV, Section 3 and Article VII, Section 4 of the charter. When any of these cases occur the vice president merely acts in place of the president. He does not succeed to the office.

■ However, in the instant case, the office of president being vacated by the president becoming mayor, the vice president is invested with the office and becomes president. The charter expressly provides the office with a salary of $3,000 per year. Since the vice president takes title to the office, he takes the salary provided for it.

■ The principles advanced by respondents are firmly established but they do not support respondents' contentions under the facts of this case. It is true that a public official claiming compensation for official duties must point out the statute authorizing the compensation, and, if he does so, the statute will be strictly construed against him. Extra compensation for extra services must be expressly authorized. See Nodaway County v. Kidder, 344 Mo. 795, 129 S. W. (2d) 857.

1076

Extra duties do not automatically bring extra compensation. Bates v. St. Louis, 153 Mo. 18, 54 S. W. 439; Gammon v. Lafayette County, 76 Mo. 675.

There is also a principle equally well fixed that so long as an officer holds his office the salary provided for the office belongs to him because the law attaches it to the office; because it is an incident to the office. Givens v. Daviess County, 107 Mo. 603, 17 S. W. 998; Bates v. St. Louis, 153 Mo. 18, 54 S. W. 439; State ex rel. Evans v. Gordon, 245 Mo. 12, 148 S. W. 638; State ex rel. Langford v. Kansas City (Mo.), 261 S. W. 115; Cunio v. Franklin County, 315 Mo. 405, 285 S. W. 1007.

 Inasmuch as Nicolai holds the office of president of the board, he is entitled to the salary which the charter provides. Our peremptory writ of mandamus should issue as prayed.

It is so ordered. All concur.