**STATE of Missouri**

v.

**Thomas VAN BLACK.**

**Bates County, Missouri, Appellant,**

**and**

**Louis C. Accurso and Spradley & Wirken, a professional corporation, Respondents.**

**No. 14535.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 28, 1986.

---

Harold A. Kyser, Butler, for appellant.

Louis C. Accurso, Frederick H. Riesmeyer, II, Spradley & Wirken, Kansas City, for respondents.

CROW, Chief Judge.

Bates County, Missouri, appeals from a judgment awarding Louis C. Accurso ("Accurso") $8,254.62 for his services and expenses as "special prosecuting attorney" in an arson case styled, *"State of Missouri v. Thomas Van Black."*

On February 1, 1984, a complaint was filed in the Circuit Court of Bates County, Associate Division, accusing Thomas Van Black ("Black") of the class C felony of arson in the second degree, § 569.050, RSMo 1978. Black is the son-in-law of an elected Bates County official.

That same day, the Prosecuting Attorney of Bates County filed a written request to withdraw from the case "upon the grounds that he is interested in the case and that such interest is inconsistent with the duties of his office." The request included a prayer that the court "appoint a special prosecutor."

The procedural steps that ensued need not be detailed. It is sufficient to note that the cause was ultimately transferred to St. Clair County on a change of venue, and that the trial court formally appointed Accurso special prosecuting attorney by an order dated January 9, 1985.

Trial (by jury) began June 17, 1985, and consumed three days. Black was found guilty as charged, and sentenced to a six-month jail term.

Immediately after allocution and sentencing, Accurso presented to the trial court an itemized statement of the services he had rendered and the expenses he had incurred. The statement, as we comprehend it, shows a total of 160 hours, for which there is an aggregate charge of $7,270, and expenses totaling $984.62. Expenses included long distance telephone calls, mileage, overnight accommodations, and other items. Accurso, as we understand his explanation to the trial court, charged for his time at the rate of $60 per hour. However, dividing the total fee ($7,270) by the total hours (160) yields an hourly rate of only $45.44. The reason for this may lie in Accurso's explanation that a paralegal and a messenger performed services in the case at his direction. The charge for their time was evidently less than for his.

In any event, the trial court, after hearing Accurso's comments, stated:

"The Court has reviewed Mr. Accurso's bill in this matter. The Court is aware of the time involved not only in the trial but in preparatory work for the trial, and based upon the reasonable fee and the customary fee in this particular area the Court would find that Mr. Accurso's fee is reasonable, necessary, and customary fee for this type of legal service and the Court will approve his request for attorney's fees in the amount of $8,254.62 which includes both time for

services and reimbursement for expenses."

A formal judgment to that effect was entered October 22, 1985. This appeal followed.

Accurso's law firm, Spradley & Wirken, appears here as a respondent, along with Accurso. The firm's reason for doing so is evidently because the judgment provided that Accurso, "through the law firm of Spradley & Wirken, A Professional Corporation, have judgment ... against Bates County, Missouri pursuant to Mo.Rev.Stat. § 56.130 and § 550.030." Accurso, in explaining his bill to the trial court, had related that the "out-of-pocket expenses" had been advanced by the firm.

Section 56.130, RSMo 1978, deals with the subject of compensation for an attorney appointed by the court to prosecute a criminal case when the prosecuting attorney is "interested" in the case. It states:

"The person appointed shall possess the same power as the proper officer would if he was present and shall receive a reasonable fee for each case prosecuted to be fixed by the court and to be taxed and paid as other costs in criminal cases."

Section 550.030, RSMo 1978, provides, in pertinent part:

"When the defendant is sentenced to imprisonment in the county jail ... and is unable to pay the costs, the county in which the indictment was found or information filed shall pay the costs...."

Appellate courts rarely receive appeals by counties from judgments against them for attorneys' fees. There is, however, one recent case where the issue is fully discussed.

In *Roberts v. McNary*, 636 S.W.2d 332 (Mo. banc 1982), a taxpayer, relying on the "Hancock Amendment," Mo. Const. art. X, §§ 16–24 (adopted 1980), filed a declaratory judgment action seeking to prevent a county from implementing certain increases in fees for county services. The trial court granted relief, and awarded the taxpayer a judgment against the county for attorneys' fees and costs. On appeal by the county, the Supreme Court stated:

"The trial court is considered to be an expert on the question of attorneys' fees. The court that tries a case and is acquainted with all the issues involved may fix the amount of attorneys' fees without the aid of evidence. *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980). The setting of attorneys' fees is within the sound discretion of the trial court and should not be reversed unless the award is arbitrarily arrived at or is so unreasonable as to indicate indifference and lack of proper judicial consideration. *Id.* In the absence of evidence to the contrary, it is presumed that the allowance of attorneys' fees was for compensable services and that no allowance was made for non-compensable services. *Id.* Thus, the burden was on appellants to affirmatively establish that the compensation allowed was a clear or manifest abuse of sound judicial discretion. *Id.; Sebree v. Rosen*, 393 S.W.2d 590, 599 (Mo.1965). Moreover, in the absence of contrary evidence, the trial court is presumed to know the character of the services rendered in duration, zeal and ability, and to know the value of them according to custom, place, and circumstance. *Nelson v. Hotchkiss*, 601 S.W.2d at 21."

*Roberts*, 636 S.W.2d at 338.

The Supreme Court, emphasizing that an award of reasonable attorneys' fees was authorized by § 23 of the Hancock Amendment, found no abuse of discretion by the trial court in fixing the fee, and consequently upheld the award. *Id.*

Bates County, henceforth referred to as "appellant," filed a brief containing two assignments of error. However, prior to submission, appellant withdrew Point I. The remaining assignment of error, Point II, states:

"The trial court erred in awarding special prosecutor's fees of $8,254.62 in that such an award was unreasonable when compared to other fees paid for prosecution of criminal cases in Bates County as the special prosecutor was not involved

in the preliminary hearing but only in presentation of the trial itself and had no other special duties that are required of the duly elected prosecuting attorney."

In asserting that Accurso was involved "only in presentation of the trial itself," the point ignores entries on Accurso's itemized statement listing work he did on 16 different dates prior to trial. The statement lists, among other services, (a) preparing for and attending the taking of depositions, (b) reviewing reports and statements of witnesses, (c) preparing instructions, voir dire, opening statement, cross-examination and closing argument, (d) conferring with defense counsel regarding stipulations, (e) deciding upon and arranging exhibits, (f) responding to Black's request for discovery, (g) preparing a trial brief, (h) preparing suggestions in opposition to a motion by Black to suppress evidence, (i) numerous telephone calls to sundry individuals, (j) attending a pretrial conference, (k) three days in court trying the case, and (l) attending the hearing on Black's motion for new trial, allocution and sentencing.

Appellant insists that the sum awarded Accurso is unreasonable because it "nearly equals the annual compensation paid prosecutors for fulfilling all of the duties of a prosecuting attorney in Bates and St. Clair Counties." Appellant tells us that it is a county of the third class, with a population of 15,873.[1] Thus, says appellant, the salary of its prosecuting attorney, as set by § 56.280, RSMo Cum.Supp.1984, is $10,484.40 annually. Appellant, however, ignores the fact that its prosecuting attorney is authorized to receive additional compensation of $800 annually per § 56.285, RSMo 1978, and additional compensation of $3,200 annually per § 56.291, RSMo 1978. Consequently, appellant's prosecuting attorney is authorized, according to our calculations, annual compensation of $14,484.40, not $10,484.40 as alleged by appellant.

Furthermore, we note that under § 56.060.1, RSMo 1978, if any misdemeanor case is taken to the court of appeals by appeal, the prosecuting attorney shall represent the State in the case, and for his services he shall receive compensation not to exceed $25 for each case, plus necessary traveling expenses.

Appellant also tells us that the prosecuting attorney of St. Clair County receives annual compensation of $8,806.30. However, utilizing data pertinent to St. Clair County,[2] we compute the authorized annual compensation of its prosecuting attorney under §§ 56.280, 56.285, and 56.291 as $12,025.80.

It thus appears that appellant, either consciously or unwittingly, has substantially understated the authorized annual compensation of its prosecuting attorney and the prosecuting attorney of St. Clair County. Furthermore, appellant mistakenly asserts that the authority by which the trial court awarded Accurso his fee and expenses was "[s]ection 56.170, R.S.Mo.1978." There is no such statute in RSMo 1978. There once was a section 56.170; it appeared in RSMo 1949. However, it was repealed by Laws 1959, S.B. 67, § 1, and since then there has been no statute numbered 56.170. The statutes under which the trial court awarded Accurso his fee and expenses against

---

1. In support of this assertion, appellant refers us to Official Manual, State of Missouri, 1985–1986, p. 1370, where appellant is shown to be a county of the third class, with a population of 15,873, and an assessed valuation of $59,100,542. The courts of Missouri take judicial notice of the population of counties as shown by the United States census. *State ex rel. Alton R. Co. v. Public Service Commission,* 334 Mo. 985, 70 S.W.2d 52, 54[6] (1934); *Carter County v. Huett,* 303 Mo. 194, 259 S.W. 1057, 1058[2] (1924). Whether we may also take judicial notice of the assessed valuation of a county, and thus its classification, § 48.020, RSMo Cum.Supp.1984, is a subject we need not explore in this opinion.

That is because the only use we make of that data is to point out, in the text of our opinion, the erroneous statements by appellant regarding the authorized annual compensation of its prosecuting attorney, and that of the prosecuting attorney of St. Clair County. As appellant has cited the Official Manual, appellant is in no position to complain about our use of the data in it.

2. The population, classification, and assessed valuation of St. Clair County appear in Official Manual, State of Missouri, 1985–1986, p. 1401.

appellant, as set out in the judgment itself and also set out earlier in this opinion, are §§ 56.130 and 550.030.

The only case cited by appellant in support of its contention that the award to Accurso was unreasonable is *First National Bank of Kansas City v. Danforth*, 523 S.W.2d 808 (Mo.1975), *cert. denied*, 421 U.S. 992 and 1016, 95 S.Ct. 1999 and 2424, 44 L.Ed.2d 483 and 685 (1975). That case discussed the factors to be considered in determining the reasonableness of attorney fees allowed the trustee in a declaratory judgment action to construe a testamentary charitable trust. The fee allowed by the trial court in that case, $176,000, was upheld. We have carefully studied *First National Bank*, and find that the factors listed there were, so far as applicable, considered by the trial court in awarding the judgment to Accurso in the instant case.

While it is true that the sum awarded Accurso amounts to a substantial percentage of the authorized annual compensation of appellant's prosecuting attorney, it does not follow that the award was excessive under the guidelines of *First National Bank*. It must be remembered that a county commission does not select its county's prosecuting attorney, nor does the county commission negotiate with the prosecuting attorney in setting his compensation. The voters of the county select the prosecuting attorney, § 56.010, RSMo Cum. Supp.1982, and the General Assembly sets his compensation.[3] Unlike the fees charged by a privately retained attorney, the compensation of a prosecuting attorney is not based on his skill, experience, reputation, or industry. Consequently, we see little correlation between the annual compensation fixed by statute for a prosecuting attorney and the compensation fixed by a trial court for an attorney selected by the court to prosecute a particular case when the prosecuting attorney, by reason of his interest, cannot do so.

**3.** *Baumli v. Howard County*, 660 S.W.2d 702 (Mo. banc 1983), declared unconstitutional § 56.262.2, C.C.S.H.C.S.S.B. 478, Laws 1982, p. 215, which purported to grant the governing bodies of counties of the third and fourth

Mindful that the setting of Accurso's fee was within the trial court's sound discretion, that the award should not be disturbed unless it is so unreasonable as to indicate indifference and lack of proper judicial consideration, that the burden was on appellant to affirmatively establish that the award was a manifest abuse of discretion, and that in the absence of contrary evidence, the trial court is presumed to know the character of the services rendered and the value thereof, we find nothing in the record before us warranting reversal.

The judge who appointed Accurso to prosecute the case remained on the case until it was concluded below, and was thus able to observe the extent, necessity, and quality of Accurso's work, and to award Accurso a reasonable fee for his services according to the rules set forth in *Roberts* and *First National Bank*. Appellant has failed to demonstrate an abuse of judicial discretion.

Judgment affirmed.

GREENE, P.J., and TITUS, J., concur.

classes discretionary authority to authorize additional compensation for prosecuting attorneys, not to exceed $5,000 per annum, to be paid from county funds.