Mark GOODWIN, Appellant,

v.

CARROLL COUNTY, et al., Respondent.

No. WD 68116.

Missouri Court of Appeals, Western District.

April 22, 2008.

Robert G. Russell, Sedalia, for Appellant.

Ivan L. Schraeder, St. Louis, for Respondent.

Before: RONALD R. HOLLIGER, P.J., HAROLD L. LOWENSTEIN, and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. Mark Goodwin appeals the trial court's judgment denying his declaratory action against Carroll County. We reverse and remand.

### Factual and Procedural Background

Carroll County is a third class, nonchartered county and is governed by a county commission. Mr. Goodwin became the prosecuting attorney for Carroll County in 2005. His salary was $38,700.00, and his predecessor's salary was $46,368.09. The predecessor was serving a four-year term, which started on January 1, 2003, and was scheduled to end on December 31, 2006. The predecessor had served two prior terms. In January 2005, the predecessor left office, and Mr. Goodwin was appointed to serve the balance of the term. After Mr. Goodwin accepted the governor's appointment, but before being sworn into office, he discovered that he would not receive $46,368.09 in salary. Mr. Goodwin assumed office on January 12, 2005. He informed the Carroll County Salary Commission (Commission) that he was being underpaid and that his salary should have started at $46,368.09 when he took office in the middle of the predecessor's term. The Commission refused to pay the predecessor's salary.

Mr. Goodwin filed a declaratory action against Carroll County asking the trial court to determine what compensation he was entitled to under section 50.333.[1] He argued that section 50.333 and the guarantees of the Equal Protection Clause entitled him to the same salary as his predecessor. Carroll County filed an answer stating that the predecessor's salary was the result of cost-of-living adjustment (COLA) increases, which were personal adjustments. The parties submitted the case on stipulated facts and filed briefs and suggestions.

The trial court denied the declaratory judgment, ruling that Mr. Goodwin's salary complied with section 50.333. The trial court decided against Mr. Goodwin stating that it was bound to the holding of *Maxwell v. Daviess County*, 190 S.W.3d 606, 609–10 (Mo.App. W.D.2006). According to the trial court, *Maxwell* held that "COLA increases were based on the individuals holding office and not on the increase granted to prior or other office holders before the office holder took office." Nevertheless, it ruled that Mr. Goodwin was entitled to the 3.5 % COLA given in 2005, which became effective January 1, 2005, even though Mr. Goodwin did not assume office until January 12, 2005. It concluded that the county commissioners did not violate the constitution because Mr. Goodwin would receive the same percentage for the two years he was in office as the elected officials. Mr. Goodwin appeals, challenging the holding that he was not entitled to the same compensation as his predecessor.

### Standard of Review

Because the parties stipulated to the facts, the trial court's decision was not based on a factual determination but the interpretation of section 50.333. *See Maxwell*, 190 S.W.3d at 609–10. Statutory interpretation is a question of law, and questions of law are reviewed *de novo*. *Id.* at 610. Thus, we review the trial court's judgment *de novo*. *Id.*

### Legal Analysis

In his sole point, Mr. Goodwin argues that the trial court erroneously held that he was not entitled to his predecessor's salary when he assumed office in the middle of his predecessor's term because section 50.333 "clearly requires that cost of living adjustments go with the office and not the officer." Additionally, he argues failure to pay him the same salary for the same term violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and of arti-

---

1. All statutory references are to RSMo 2000      unless otherwise indicated.

cle I, section 2 of the Missouri Constitution. Carroll County argues that the trial court should be affirmed because its ruling is consistent with *Maxwell*.

■ In *Maxwell*, the newly elected recorder of deeds, Ms. Maxwell, sought the adjustment of her salary to reflect the other officers' salaries by granting her the cumulative COLAs that the other officers received in the years before she took office. 190 S.W.3d at 609. She argued that the language of section 50.333.12 required the county commission to pay the same COLA to officers despite an officer's incumbency. *Id.* Section 50.333.12 states:

[T]he salary commission may authorize the further adjustment of such officers' compensation as a [COLA] and effective January first of each year, the compensation for county officers may be adjusted by the county commission, and if the adjustment of compensation is authorized, *the percentage increase shall be the same for all county officers, not to exceed the percentage increase given to the other county employees.*

(Emphasis added.) Relying on the italicized language, Ms. Maxwell argued that "if any officeholder is given a cumulatively added total of annual [COLAs], for multiple years of service that all officeholders must be given the same." *Maxwell*, 190 S.W.3d at 609. This court disagreed.

We interpreted section 50.333.12 in accordance with section 50.333.7 to limit the awarding of such COLAs to officers after the salary commission determines and approves the compensation for the officers to be elected in the next term. *Id.* at 613–14. In other words, an officer's salary adjustment must have been authorized before the term of office to be effective. *Id.* at 612.

Before 2003, the state and not the county commission paid the salary for the office of recorder of deeds. *Id.* at 608. Because the county commission did not authorize the salary for the recorder of deeds before 2003, this court decided that the prior COLAs issued also were not authorized for the office of recorder of deeds. *Id.* at 614. The *Maxwell* court stated, "It is clear from the cases interpreting related salary statutes that officers are not entitled to compensation unless it was authorized by a county salary commission for that particular office prior to the time the officeholder took office." *Id.* at 613. Thus, Ms. Maxwell was not entitled to receive the prior COLAs that the other officers received. *Id.* at 614. Mr. Goodwin argues that his situation is different from Ms. Maxwell because the county salary commission had already authorized the compensation (salary and COLAs) before he was appointed, and, therefore, the trial court should have granted his request.

In the judgment, the trial court acknowledged those distinctions but still decided that Mr. Goodwin was not entitled to the COLAs because Mr. Goodwin did not hold the office when the COLA increases were given. It relied on the following language from *Maxwell* to support its decision: "Maxwell did not hold that position until January 1, 2003, and thus, was not entitled to any compensation before that time. Logically, then, Maxwell was not entitled to the benefit of [COLA] increases which may have accrued to other officeholders prior to her taking office." *Id.* We believe that language is *dicta*, and the appropriate law is that cited above—"officers are not entitled to compensation unless it was authorized by a county salary commission for that particular office prior to the time the officeholder took office." *Id.* at 613. Unlike the office held by Ms. Maxwell, the county and not the state in this case paid the salary for the office in the previous years, so the Commission had already authorized every previous COLA.

Additionally, Mr. Goodwin had assumed the office in the middle of the term where the authorized salary was already being paid to another office holder. These distinctions necessitate a different disposition than *Maxwell*.

Section 50.333 does not provide for midterm decreases in the salary and does not speak to the adjustment of salary when the elected officer leaves and someone else is appointed. It requires that the county salary commission meet before the term and authorize compensation for the next term. According to section 50.333, in 2001 for the 2002 election for the officers' term beginning in 2003, the Carroll County Salary Commission fixed the salary for the prosecuting attorney at $38,700.00, which was 86% of the legal maximum amount, $45,000.00. Additionally, on January 1, 2001, the Commission passed a COLA of 5% for all county officers. The predecessor was still serving his term, which began in 1999, and his 2002 salary was $40,635.00 (a 5% increase over 38,700.00). The Commission did not allot a COLA to the county officers in 2002. On January 1, 2003, the start of another term, another COLA (a 5% increase over $40,635.00) was passed, and the predecessor's 2003 salary was $42,666.75. After a COLA for 2004 (a 5% increase over $42,666.75) and another in 2005 (a 3.5% increase over $44,809.00), the predecessor's salary was $46,368.09 at the time he left office.

■■■ Mr. Goodwin was entitled to the predecessor's salary because the county salary commission had already authorized the salary and the COLAs before the 2003–2006 term. To hold otherwise would be contrary to the law. Prosecutors are elected officials and unlike other attorneys "the compensation of a prosecuting attorney is not based on his skill, experience, reputation, or industry." *State v. Van Black*, 715 S.W.2d 568, 572 (Mo.App. S.D.

1986). Accordingly, COLAs cannot be based on the officer's incumbency or it would be compensation based on experience. COLAs are tied to the economy because "it allows the purchasing power of the employee's salary to keep up with rises in the cost of goods and services." *Maxwell*, 190 S.W.3d at 613. Logically, a salary based on COLAs should not disappear because an officer has left the office and another individual has taken his place. The law attaches the salary to the office, and the officer is entitled to the salary provided for the office. *See State ex rel. Nicolai v. Nolte*, 352 Mo. 1069, 180 S.W.2d 740, 741–42 (1944).

## Conclusion

In conclusion, we reverse and remand with instructions to the trial court to award Mr. Goodwin the difference between the salary he received since January 12, 2005, and the predecessor's salary.

RONALD R. HOLLIGER, P.J., and HAROLD L. LOWENSTEIN, J. concur.