A. A. Scott and Joe Morrison, Respondents, v. Walter Endicott, Appellant.—38 S. W. (2d) 67.

In the Springfield Court of Appeals.   Opinion filed April 3, 1931.

W. C. Boone and Stewart & Banta for appellant.

H. D. Green for respondent.

BAILEY, J.—Suit on a contract to recover certain agreed fees. Plaintiffs were duly deputy sheriffs of Ozark county serving under defendant who was sheriff of said county.  As such deputy sheriffs their compensation was small and it seems their work arduous.  After serving some months they entered into an oral agreement with defendant sheriff in May, 1926, the terms of which agreement, according to plaintiffs testimony, were that, since the sheriff received $45 for each guard accompanying him in taking prisoners to the penitentiary, the sheriff agreed to pay these plaintiffs, jointly, the sum of twenty-five dollars ($25) for each time he used one guard to accompany him in taking prisoners to the penitentiary and if two guards were required he would pay fifty dollars ($50), which sum was to be paid although some other person or persons accompanied him as guards in the place of plaintiffs.  It also appears from the evidence that the sheriff, instead of always taking his deputies as guards, often

used his friends who acted in that capacity solely for the purpose of enjoying a trip to the State Capitol, the sheriff receiving the guard fees which would otherwise have gone to his deputies. After this agreement was made quite a number of prisoners were taken by defendant to the penitentiary in Jefferson City, so that, according to plaintiff's testimony, in September, 1928, at which time plaintiffs resigned, there was due them the sum of three hundred and fifty dollars ($350). The evidence does not show in how many instances plaintiffs actually accompanied the sheriff as guards but it is clear that in the majority of instances they did not do so.

On trial to the jury the issues were found for plaintiffs and they were awarded a verdict in the sum of $147.12, including interest. Defendant has appealed.

It is first urged that the court erred in overruling defendant's demurrer to plaintiffs' petition for the reason that the contract set out is in violation of the Statute of Frauds because the contract was one not to be performed within a year. There is no merit in this contention for the reason the contract was devisable according to each trip of the sheriff and as to that part was fully and completely performed at the time plaintiffs resigned, and therefore the Statute of Frauds would not apply at least in equity. [Bird v. Bilby, 202 Mo. App. 212, 215 S. W. 909; McGinnis v. McGinnis, 274 Mo. 285, 202 S. W. 1087; Hubbard v. Glass Works, 188 Mo. 18; Godwin v. Ins. Co., 27 S. W. (N. S.) 462.]

It is next urged that the contract was void because it was an agreement to give a public officer more than his regular salary or fees allowed by law and was against public policy. We believe this point to be well taken. The fees allowed for the services of taking convicts to the penitentiary are fixed by section 11791, Revised Statutes 1929. In addition to the fees allowed the sheriff for his own services and necessary travelling expenses, said section provides as follows: "each guard shall receive the sum of two dollars per day for the same, and the sheriff, county marshal or other officer and guard shall receive five cents per mile for the distance necessarily traveled in going to and returning from the penitentiary, the time and distance to be estimated by the most usually traveled route from the place of departure to the penitentiary." The section further requires the sheriff to file with the state auditor an itemized statement of his account in which he shall give the name of each convict conveyed and the name of each guard actually accompanying him with the necessary miles travelled and the number of days required. There is no other provision in the law allowing compensation for such services.

There can be no doubt that a deputy sheriff appointed by the sheriff, as provided by section 11512, Revised Statutes 1929, is a

public officer. [State ex rel. Walker v. Bus, 135 Mo. 325, 36 S. W. 636.] That being true, he is subject to the same general limitations as any other public officer in the matter of salary and fees. There is no provision in the law providing a salary for deputy sheriffs in counties such as Ozark county. It is perhaps common practice in some counties for the sheriff to pay his deputies a specified amount, but we are not herein concerned with the legality of such contracts. In the case at bar the contract relied upon provided that the sheriff should pay a certain portion of the fees allowed by statute for guards in conducting prisoners to the penitentiary, such portion to be paid even though plaintiffs did not actually accompany the sheriff as guards. We consider such a contract void as against public policy, although entered into with perfect good faith and with no intent to defraud the state.

In King v. Levee, 218 Mo App. 490, 493, the appellate court uses this language: "It is also held when salaries are improperly withheld an officer may sue for and recover same and when he does he is entitled to its full amount not by force of any contract, but because the law attaches it to the office." [Bates v. City of St. Louis, 153 Mo. 18, 54 S. W. 439.] Some of the earlier cases held that the right of a public officer to fees is derived solely from the statute and he is entitled to no fees for services unless the statutes gives it. [Gammon v. Lafayette Co., 76 Mo. 675; Williams v. Chariton Co., 85 Mo. 645.]

If the courts of this State should recognize contracts, such as we are considering, as lawful, it would permit a practice not contemplated by the statutes and contrary to the very spirit of the same. [Section 11791, supra.] This statute, requiring a sheriff to make an affidavit, provides that, "he shall give the name of each guard actually employed." The plaintiffs herein, by virture of their respective offices, were not actually employed as guards except when they accompanied the sheriff in conveying prisoners to the penitentiary. To collect fees for services not rendered is contrary to public policy, if not actually fraudulent, and the contract providing for such a method of compensation is illegal and void, in our opinion, whether made with the sheriff or with any other person. Plaintiffs unquestionably would be entitled under the statute to their fees and expenses allowed by law in all cases where they actually performed services as guards and would be entitled to the full amount thereof, but they cannot recover under a contract with the sheriff for services not rendered. It is therefore our opinion this cause should be reversed and remanded. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.