David K. MURPHY and Norma C. Fritz, Widow of William R. Fritz, Deceased, Plaintiffs-Respondents,

v.

BUSCHMAN–JENNINGS, INCORPORATED, and C. W. Buschman, Defendants, Buschman-Jennings, Incorporated, Defendant-Appellant.

No. 31684.

St. Louis Court of Appeals.

Missouri.

Sept. 15, 1964.

Flynn, Parker & Badaracco, Joseph L. Badaracco, St. Louis, for defendant-appellant.

Walter L. Brady, Jr., St. Louis, for plaintiffs-respondents.

BRADY, Commissioner.

This appeal is from a judgment in the amount of $1,043.25 entered after jury trial in favor of the respondents, hereinafter referred to as plaintiffs, in an action brought by them to enforce an alleged oral agreement enabling plaintiffs to qualify and receive a bonus under a plan instituted by the appellant, hereinafter referred to as the defendant.

The plaintiffs' petition originally named the defendant and C. W. Buschman, defendant's president, as co-defendants. Plaintiffs alleged that they entered into an " * * oral agreement with defendants whereby they were to receive from defendants a bonus commission equal to fifteen (15%) per cent of the total joint profits earned by the defendants on all insurance policies and surety bonds produced or written by plaintiffs, * * * " provided such profits exceeded the sum of $5,000 during the calendar year 1958; that the plaintiffs jointly produced business of this type which resulted in a net profit in 1958 for defendant in the sum of $6,955.00; and that as a result the plaintiffs were entitled to receive the sum of $1,043.25. The petition also contained the usual allegations regarding demand upon the defendants and the refusal of the defendants to pay the sum alleged due plaintiffs. The defendants filed a joint answer in the form of a general denial and also raising the contention that the oral agreement alleged in plaintiffs' petition was unenforceable for the reason that it falls within the Statute of Frauds.

Taken in the light required of us by virtue of the jury's verdict, the facts are that the plaintiffs had worked for the defendant for several years prior to the alleged oral agreement. Defendant's bonus plan went into effect in 1958. Early in 1958 (the exact date does not appear) the plaintiffs determined to form a joint account so that all the amounts due to either plaintiff from the defendant were to be credited to one account to be known as the Fritz-Murphy commission account. They discussed this action with Mr. Buschman, defendant's president and chief executive officer. As a result of this discussion they wrote Buschman a letter which was received in evidence over defendant's objection that it was self-serving and immaterial. This letter, Exhibit 1, referred to plaintiffs' decision to consolidate their accounts and stated their reasons for that decision. The consolidation agreement between the plaintiffs was referred to in the letter and a copy was attached. The pertinent portions of the letter were the reference to defendant's indicated acceptance of this consolidation and the request that it be effective as of January 1, 1958. A copy of this letter was sent to L. H. Trout, defendant's secretary-treasurer. The plaintiff Murphy testified that the defendant consolidated plaintiffs' accounts a "very short time" after the occasion of this letter and that Buschman informed him they were qualified for the bonus.

The plaintiffs were given monthly statements of their accounts and when Murphy was asked to testify as to the amount of defendant's profit in 1958 attributable to the Fritz-Murphy account, counsel for defendant objected on the grounds that the records would be the best evidence. This objection was sustained. Plaintiffs' counsel attempted to reach this issue by other questioning and upon each occasion was prevented doing so when the trial court sustained defendant's objections. The following testimony there appears: "Q (by Mr. Brady): Mr. Murphy, have you been advised by Mr. Buschman and the auditors of that concern, Buschman-Jennings, as to the amount of that account? A Yes, sir. Q What was that? MR. BADARACCO: Well, your

Honor, I will object. The records themselves are the best evidence. THE COURT: Well, I don't know about the auditors but you have mentioned by Mr. Buschman, who I understand is a party defendant. MR. BRADY: That's correct. THE COURT: I will overrule that objection if he is going to testify as to what Mr. Buschman informed him. Is that what you are— MR. BADARACCO: Your Honor, pardon me. Let me make this additional objection that—I understand that it's being permitted in view of the fact it was a statement by one of the defendants, is that correct, sir? THE COURT: Yes. MR. BADARACCO: I would like to make this objection for the record that if there's no case made against this defendant that the evidence that the witness is about to give be stricken for that reason. THE COURT: Of course, I will have to rule on that when it comes up. At this time he can testify as to what Mr. Buschman told him. Q (by Mr. Brady): How much did he tell you that the earnings were? A That the overriding profit of the Fritz-Murphy account was $6,955.00, some odd cents, * *." The defendant then moved that this testimony " * * * be stricken for the reason that the records themselves that were given him, the plaintiff, are the best evidence." This motion was denied.

In January and again in February of 1959 the plaintiffs had further discussions with Mr. Buschman regarding this bonus arrangement. During the January meeting Buschman told the plaintiffs that the defendant's board of directors " * * * felt that he should not have entered into this agreement and that the payment was being held up, but that he had made the agreement with us as president of the agency." With regard to the later discussion with Buschman Murphy testified that, "He told me his Board still would not authorize or approve him paying this bonus and that he was still going to try and pay it and if not he would pay it personally." However, Murphy further testified that the plaintiffs were paid their regular commissions by the company; that they never received any compensation from Mr. Buschman personally and that they had looked to the corporation and not to Buschman for the bonus payment.

During cross-examination Murphy was asked the following question and gave the following answer: "Q Now this agreement you claim was entered into, how long was it to last? A Indefinitely." Upon this evidence being elicited counsel for the defendant urged the trial court that this agreement was in violation of the Statute of Frauds and moved for a dismissal which motion the trial court denied.

The plaintiffs also offered the testimony of Mr. Trout, who left his position with defendant in 1959 as a result of a dispute with Mr. Buschman concerning "general policies." Mr. Trout stated that there was a bonus plan in existence in 1958 and that it went into effect " * * * in the early part of 1958." He testified that he received the letter directed by the plaintiffs to Mr. Buschman and that after receipt of the letter the plaintiffs' accounts were consolidated for the entire year of 1958, and that the Fritz-Murphy account qualified for the bonus plan, although to his knowledge no bonus was ever paid to the plaintiffs. Trout discussed the matter of the consolidation of the plaintiffs' accounts with Mr. Buschman after he received a copy of the plaintiffs' letter directed to Mr. Buschman. Other than to testify that Buschman acknowledged receipt of the letter and made no objection to the consolidation Trout knew of, no other testimony appears with reference to the discussion between Trout and Buschman. Attached to the original letter plaintiffs sent Buschman when it reached Trout was a memo from Buschman to Trout reciting that Murphy and Fritz had agreed to have a joint account and stating that he, Buschman, had directed the plaintiffs to see Trout. Trout sent a memo to Mr. Buschman in reply stating: "I believe it is your intention to answer the Fritz-Murphy letter dated March 3, '58. Will you please send me a copy for my file."

Trout further testified that he never received a copy of a reply from Buschman to the plaintiffs and did not know whether any had been sent.

The defendant's contentions with regard to alleged error in the giving of Instruction No. 1 do not require a full résumé of that instruction. It is sufficient to state that the jury was requested to find the parties entered into the oral agreement as alleged by plaintiffs and that this agreement existed for the year 1958, and were further instructed that " * * * if you further find that the total profit figure of said account is $6,955.00 for the calendar year 1958, then your verdict shall be for the plaintiffs and against the defendant in the sum of $1,043.25."

The defendant did not offer any evidence. Motions for directed verdict were filed by defendant and by Mr. Buschman. The motion for directed verdict filed by the individual defendant Buschman was sustained and the motion with respect to the corporate defendant was denied.

The defendant's contentions are: first, that the plaintiffs failed to prove the oral agreement alleged; second, that they failed to prove the amount of damages due; and third, that the oral agreement upon which the plaintiffs rely is in violation of the provision of the Statute of Frauds relating to contracts not to be performed within a year's time.

■ The facts clearly refute the argument that the plaintiffs failed to prove the oral agreement which they alleged. Murphy testified there was such an agreement made between the plaintiffs and the defendant acting by its chief executive officer Buschman and that Buschman, in conversations held later, admitted he had made this agreement. The defendant's brief is very sketchy as to this point, but it should be pointed out that defendant has not and does not now contend that Buschman lacked authority to enter into such an agreement.

In support of its contention that the plaintiffs failed to prove the amount of damages due, the defendant urges that there was no admissible evidence to support the figure of $6,955.00 as being defendant's profit for 1958 from the plaintiffs' consolidated account. That being so, defendant argues that it was error to hypothesize that figure in Instruction No. 1. It will be recalled that the only evidence to support this figure was that given by the plaintiff Murphy over defendant's objection, when he was allowed to testify that this was the profit figure given him by Mr. Buschman. It will also be recalled that the defendant's objection was based only and solely upon the grounds that this was not the best evidence. There has never been any contention that Buschman could not bind the defendant by such an admission. It is therefore unnecessary for this court to determine that matter, and we will rule only upon the contention that Murphy's testimony is barred by the "best evidence rule."

■■ A statement of the "best evidence rule" may be found in Kennedy v. Boken Associates, Incorporated, Mo., 381 S.W.2d 39. Reference may also be made to the cases cited in that opinion and to 32 C.J.S. Evidence § 776 et seq. It will serve no useful purpose to set out the rule and comment upon its ramifications in this opinion, for the situation here presented is not one where the rule is properly applicable. Murphy's testimony was not as to what profit figure appeared on the defendant's records or on the monthly statements given the plaintiffs. In such case the records themselves would have been the "best evidence." The question asked Murphy was whether he had been advised by Mr. Buschman as to that figure. He stated that he had and he was then asked, "How much did he tell you that the earnings were?" There were no records which would state what Buschman told him and accordingly the "best evidence rule" was inapplicable. It should be emphasized that the "best evidence rule" does not apply to parol evidence. That is to say, the rule does not apply so as to render inadmissible Murphy's testimony on the grounds that it was not as conclusive

and satisfactory as Buschman's testimony would have been. 32 C.J.S., supra, §§ 782, 784, p. 710. It follows that Murphy's testimony was not properly subject to the objection made and, that being the only contention raised as to it, must be considered as proof of defendant's 1958 profit arising from the plaintiffs' joint account.

While it has no specific bearing on the issues raised by defendant's allegations of error, it should be noted the record discloses that the defendant did not renew its objection to this testimony which the trial court had admitted on the ground Buschman was a party upon the trial court sustaining the motion to dismiss as to that defendant.

■ The defendant also contends that plaintiffs' failure to introduce any testimony as to the sum of $1,043.25 constitutes a failure to prove the amount of damages due. Defendant does not deny that $1,043.25 is fifteen per cent of $6,955.00 but contends that there must be some evidence of the figure of $1,043.25; that is, that someone must testify that $1,043.25 was the amount due the plaintiffs. We cannot agree. The evidence was that the plaintiffs were to receive fifteen per cent of the profit figure of $6,955.00. The record discloses that the verdict form submitted to the jury contained this figure of $1,043.25 as did the plaintiffs' verdict-directing instruction. In fact, in the instant case the computation of fifteen per cent of $6,955.00 was made for the jury, and all the jury had to do was check the computation recited in the instruction and in the verdict form. The jury is competent to make such an elementary mathematical computation. We find no reversible error in this omission in the evidence.

■ The defendant then contends that the oral agreement is unenforceable as falling within that provision of the Statute of Frauds (Section 432.010 RSMo 1959, V.A.M.S.) which requires agreement not to be performed within one year of their making

to be in writing. In this regard the defendant relies upon the plaintiff Murphy's testimony that the agreement they made was to last "indefinitely." The defendant misconstrues the nature of the agreement and the requirements of the Statute of Frauds. The oral agreement sued upon was that they were to receive from defendants a bonus commission equal to fifteen per cent of the profits which the defendants earned from their endeavors provided such profits exceeded the sum of $5,000.00. The entire sense of the agreement was that this commission was to be figured on a yearly basis. It is well recognized that that provision of the Statute of Frauds requiring an oral agreement which may be performed within a year from its date is not within the Statute of Frauds, although performance is liable to occupy more than a year. McGuire v. Hutchison, 240 Mo.App. 504, 210 S.W.2d 521, app. transf. 356 Mo. 203, 201 S.W.2d 322. See also Suggett's Adm'r v. Cason's Adm'r, 26 Mo. 221; Scott v. Endicott, 225 Mo.App. 426, 38 S.W.2d 67; Beebe v. Columbia Axle Co., 233 Mo.App. 212, 117 S.W.2d 624. This agreement is not unenforceable due to the provision of the Statute of Frauds upon which defendant relies.

The defendant's last allegation of error is that the trial court improperly admitted Exhibit 1, the letter from plaintiffs to Buschman, into evidence. As earlier indicated herein, the only portion of that letter that was directed to any issue in this case was the reference to the defendant's lack of objection to the plan and the request that this consolidation be effective January 1, 1958.

■ Self-serving letters which have not been answered and which show no more than the fact of a controversy should not be admitted. Hussey v. Robison, Mo., 285 S.W.2d 603; Keeshan v. Embassy Inv. Co., Mo.App., 303 S.W.2d 666 at 699. However, each of the matters referred to in the letter was also the subject of testimony by Trout and by Murphy. Each of these witnesses

**34**

testified that there was no objection voiced to the consolidation; that it did in fact take place as alleged by plaintiffs; that it did become effective, by relation back, as of January 1, 1958; and that the plaintiffs did qualify for the bonus under this consolidation. Accordingly, the evidence in the letter was cumulative only, and its admission is not a prejudicial error requiring intervention on our part.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is affirmed.

WOLFE, Acting P. J., ANDERSON, J., and R. KENNETH ELLIOTT, Special Judge, concur.

RUDDY, P. J., not participating.