Wilbur A. DAVIS et al., Respondents,

v.

Robert H. SCHOTT, Appellant.

No. KCD 26116.

Missouri Court of Appeals,
Kansas City District.

April 1, 1974.

Lehman D. Krause, Richmond Heights, for appellant.

Thomas A. Vetter, Jefferson City, for respondents.

PRITCHARD, Presiding Judge.

This is a suit upon an open account wherein respondents recovered judgment for $576.23 and for costs.

Respondents have filed a motion to dismiss this appeal by reason of appellant's failure to comply with Rule 84.04, V.A.M.R., in the preparation of his brief. One part of the motion attacks the sufficiency of the points relied upon by appellant, which are these:

"I.

The trial court erroneously permitted the respondents to introduce into evidence a self-serving letter.

II.

The trial court erroneously based its judgment on issues not made by the pleadings.

III.

There is no substantial evidence to support the judgment for the respondents.

IV.

There is no substantial evidence to support respondents' attachment."

Point I is the only contention which even reasonably points to error committed by the trial court. It, however, does not set forth any fact about what the letter was, by reference to an exhibit or otherwise. The argument portion of the brief and the transcript develops the fact that the letter was a copy of one sent by respondents to appellant. The letter copy was probably admissible as evidence of a demand for payment, as the court entered judgment for interest starting as of its date, November 20, 1970. But even if the copy of the letter was inadmissible as self-serving evidence of the existence of the open account, as appellant contends, its inadmissibility was rendered harmless by the fact that appellant himself entered into evidence the original of the letter, so identified, on cross-examination of respondent Hackman. Furthermore, appellant testified on direct examination that he received the original of the letter and later talked with Mr. Hackman about the account. For authority that evidence improperly admitted is rendered harmless by the reception of other evidence on the same subject, see Porterfield v. American Surety Co. of New York, 201 Mo.App. 8, 210 S.W. 119, 124 [12, 13] (1919); International Indemnity Co. v. Crandall, 235 S.W. 460 (Mo. App.1921); Krummenacher Drug Co. v. Chouteau, 296 S.W. 255, 256 (Mo.App. 1927); Housden v. Berns, 241 Mo.App. 1163, 273 S.W.2d 794, 799 [7] (1954); and Murphy v. Buschman-Jennings, Incorporated, 382 S.W.2d 29, 33 [7, 8] (Mo.App. 1964). Point I is overruled.

The remaining points do not comply with Rule 84.04 in that they do not "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." Certainly these points do not set forth wherein the evidence is insufficient to support the judgment. The motion to dismiss the appeal will be overruled, but the latter points will be disregarded.

The judgment is affirmed.

All concur.