**Albert WANT, Appellant,**

v.

**CENTURY SUPPLY COMPANY, Respondent.**

No. 34826.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 9, 1974.

Tremayne, Lay & Carr, Donald W. Paule, Clayton, for appellant.

C. Marshall Friedman, Gray, Friedman & Ritter, St. Louis, for respondent.

CLEMENS, Judge.

The trial court dismissed plaintiff's petition with prejudice upon defendant's motion that the petition did not state a claim on which relief could be granted and recovery was barred by the statute of frauds. Plaintiff appealed to the Supreme Court of Missouri but the case was transferred here for lack of jurisdiction.

The first question before us is whether plaintiff's petition showed his right to recover on an alleged oral contract was barred by the Statute of Frauds, § 432.010, RSMo. 1969, V.A.M.S., declaring in pertinent part: "No action shall be brought . . . upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith . . ."

Plaintiff's petition alleged in substance that the parties agreed plaintiff was to work for defendant to obtain for defendant prior customers of plaintiff; that plaintiff would have "as long as he wanted," "whatever time [was] necessary . . . re-

gardless of the length of time necessary," and "no deadline was placed thereon"; that plaintiff would advance costs himself, and "when plaintiff succeeded in said efforts" he would get a five per cent commission on the business he brought defendant; that a notice by defendant proclaimed to plaintiff's business associates plaintiff was "now affiliated with defendant"; that plaintiff performed his obligations for seven months, brought to defendant a monthly average of $10,000 in business and spent $3,600 in expenses; that after seven months defendant discharged plaintiff without good cause. Plaintiff prayed for an accounting from the date of employment to the filing of petition for a five per cent commission on all business obtained from plaintiff's geographic sales area for the same period of time and "a lump sum representing future commissions," to be held in constructive trust; and for such other and further relief as to the court might seem just and proper.

■ We find the trial court erred in dismissing the petition on the ground it showed plaintiff's claim was barred by the Statute of Frauds. The cases of Kansas City Stock Yards Co. v. A. Reich & Sons, Inc., 250 S.W.2d 692 (Mo.1952), Fein v. Schwartz, 404 S.W.2d 210 [12–14] (Mo. App.1966) and Murphy v. Buschman-Jennings, Inc., 382 S.W.2d 29 [5–6] (Mo.App. 1964) hold, in effect, the *possibility* that a contract may be performed within one year is sufficient to avoid the statute of frauds. The alleged oral contract called on plaintiff to work for defendant to obtain plaintiffs former business associates as customers of defendant. It does not appear from the petition itself that plaintiff could *not* fully perform within one year. It follows that the plaintiff's petition should not have been dismissed on that ground.

To the contrary, we determine the petition did state facts warranting relief. Giving plaintiff's petition a liberal construction, as we must, we need not construe it simply as an action for damages arising from a breach of contract. Instead, the petition may properly be construed as an action in quantum meruit for damages arising from the termination of an agency. As will be shown, a principal's rightful termination of agency may, under certain circumstances, subject the principal to damages suffered by his agent.

■ Agreements between principal and agent for an indefinite time generally may be terminated at the will of either party. Superior Concrete Accessories v. Merle E. Kemper Co., 284 S.W.2d 482 [16] (Mo. 1955). As in Red-E-Gas Co. v. Meadows, 360 S.W.2d 236 [7] (Mo.App.1962), the agreement between plaintiff and defendant was "for an indefinite period of time, its duration was not fixed expressly or impliedly, and its expiration did not depend on the completion of a given undertaking." The agreement was therefore terminable at the will of either party but there is a limitation on the power to terminate an agency.

This limitation on the right to terminate an agency was spelled out in the oft-cited case of Beebe v. Columbia Axle Co., 233 Mo.App. 212, 117 S.W.2d 624 [4] (1938) where defendant discharged plaintiff as its sales agent. The court said: "The limitation is that, in any case of an indefinite agency where it is revoked by the principal, if it appears that the agent, induced by his appointment has in good faith incurred expense and devoted time and labor in the matter of the agency without having had a sufficient opportunity to recoup such from the undertaking, the principal will be required to compensate him in that behalf; for the law will not permit one thus to deprive another of value without awarding just compensation. The just principle acted upon by the courts in the circumstances suggested requires no more than that, in every instance, the agent shall be afforded a reasonable opportunity to avail himself of the primary expenditures and efforts put forth to the end of executing the authority conferred upon him and that, if

such opportunity is denied him, the principal shall compensate him accordingly."

In Glover v. Henderson, 120 Mo. 367, 25 S.W. 175 (1894) the defendant discharged plaintiff, a salesman, who sued and recovered the value of services and expenses. In affirming plaintiff's judgment the court ruled: "The first question is whether this action is quantum meruit, for services rendered and reasonable expenses incurred, as claimed by the plaintiff, or whether it is an action for damages for breach of contract . . . The contract in question was one of agency, so that we are brought to the question whether defendant, having revoked the agency, is liable to the plaintiff for the value of services rendered and expenses incurred up to the date of revocation . . . But the question of the liability of the principal to the agent for services rendered is another and a different thing from the power, or even right, to terminate the agency."

Also pertinent to our case is Gibbs v. Bardahl Oil Company, 331 S.W.2d 614 (Mo.1960), where the parties entered a sales distributor agreement expressly terminable by either party on thirty days' notice. While plaintiff was in the process of building up a sales organization defendant discharged him. In upholding plaintiff's claim for the reasonable value of his services, the court followed *Glover* and *Gibbs* supra, and ruled: "Respondent's action is not an action for damages for breach of any contract by untimely cancellation. The cancellation of the contract by written notice is admitted and the right of cancellation is fully conceded. . . . We cannot construe the provisions of the agreement with reference to termination as necessarily implying that upon the termination of the distributorship under the circumstances here shown the appellant could retain and appropriate without liability that portion of respondent's investment of labor and expenses which respondent had not

had a reasonable opportunity to recoup by way of commissions."

So, plaintiff's petition did state facts which if proven will warrant relief.[1]

We reverse the judgment dismissing plaintiff's petition and remand the cause with directions to grant plaintiff leave to amend his petition.

WEIER, Acting P. J., McMILLIAN, J., and JOHN M. CAVE, Special Judge, concur.

---

1. This opinion is not to be construed as holding plaintiff may recover "a lump sum representing *future* commissions."