**BREMER ASSOCIATES, INC., Plaintiff,**

v.

**M. D. INDUSTRIES, INC., Defendant.**

**No. 77–508 C (3).**

United States District Court,
E. D. Missouri, E. D.

Jan. 10, 1979.

Mark J. Bremer, St. Louis, Mo. (co-counsel), Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., David L. Campbell, St. Louis, Mo. (co-counsel), for plaintiff.

W. Munro Roberts, Jr., Roberts, Heneghan & Coffelt, Inc., St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon defendant's motion for summary judgment. Plaintiff brought this suit, pursuant to 28 U.S.C. § 1332, seeking to recover monetary damages for an alleged breach of contract. Plaintiff alleges that on March 1, 1973, defendant entered into a contract with plaintiff's predecessor corporation, Four One Nine Diversified Industries, Inc., and that

on December 13, 1976, defendant without cause, purported to cancel the same. Plaintiff alleges that at all times it was ready, willing and able to fully perform the terms and conditions of the contract. Plaintiff alleges that as a result of the breach, it has been deprived of earnings and profits, commissions and sales; thus, plaintiff prays for an award in the sum of $175,000.00, interest, attorney's fees and costs. Plaintiff has not responded to the instant motion.

The contract in question herein appointed plaintiff's predecessor as a selling agent of defendant in a specified territory representing defendant for specified product lines. The contract set out the territory and product lines, the commission, credit and collection, a commission quota, and operation agreements. The contract is silent as to its duration or termination date.

■■ The law is clear that Agreements between principal and agent for an indefinite time generally may be terminated at the will of either party. *Want v. Century Supply Company,* 508 S.W.2d 515, 516 (Mo.App.1974). See also *Superior Concrete Accessories v. Kemper,* 284 S.W.2d 482 (Mo.1955). Since the agreement is silent on the question of its duration, or the procedure for termination, the Court concludes that the agreement was terminable at will.

■ A limitation on the power to terminate exists, however, by which the courts require compensation to the agent

. . . if it appears that the agent, induced by his appointment has in good faith incurred expense and devoted time and labor in the matter of the agency without having had a sufficient opportunity to recoup such from the undertaking . . . . *Want v. Century Supply Company, supra,* at 516.

Plaintiff has not alleged the same in its complaint. Moreover, in answers to interrogatories requesting that plaintiff detail the basis of its claims for damages, plaintiff states that its claim for damages in the amount of $175,000.00 is the result of commissions lost. Thus, plaintiff does not base

any of its claims for damages upon expenses, time and labor incurred in connection with the agency agreement.

Under these circumstances, the Court concludes that defendant's motion for summary judgment should be granted.