484 F.Supp. 626 (1980)
John G. YOUNG, Sr., Plaintiff,
v.
A-T-O, INC., Defendant.
No. 79-852C(2).
United States District Court, E. D. Missouri, E. D.
February 27, 1980.
*627 Robert C. Jones and John G. Young, Jr., Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, Mo., for plaintiff.
Morton D. Baron and Carol E. Jackson, Thompson & Mitchell, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on defendant's motions for summary judgment. Plaintiff brought this suit in state court and defendant removed to this Court pursuant to 28 U.S.C. § 1441. Plaintiff's second amended complaint alleges three counts against defendant: Count I alleges that defendant violated the Missouri Service Letter Statute and seeks nominal and punitive damages for that violation; Counts II and III, respectively seek actual damages for defendant's alleged breach of an employment contract. Defendant has moved for summary judgment on each count. These counts will be dealt with seriatim.
Defendant's motion for summary judgment on Count I argues that the Missouri Service Letter Statute, § 290.140 R.S. Mo.1969, is unconstitutional. Defendant's arguments in this regard have been rejected by the Supreme Courts of both Missouri and the United States, and this Court is not now disposed to overrule those bodies. Cheek v. Prudential Insurance Company, 192 S.W. 387 (Mo.1917); Prudential Insurance Company of America v. Cheek, 259 U.S. 530, 42 S.Ct. 516, 66 L.Ed. 1044 (1922). Defendant's motion for summary judgment on Count I will therefore be denied.
In Count II, plaintiff alleges that he had a contract of employment to extend for almost five years with defendant. Plaintiff was discharged after less than a year, and now seeks to recover the salary and bonuses allegedly owing under the contract. Defendant moves for summary judgment on the ground that the contract is unenforceable due to the statute of frauds.
The Missouri Statute of Frauds, § 432.010 R.S.Mo. (1969), provides, in relevant part:

*628 No action shall be brought . . . upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized.
To satisfy this requirement of a writing, plaintiff relies on a letter from an officer of defendant and an accompanying note setting out pay levels through 1982. Defendant contests the consideration of this accompanying note, but an issue of fact remains as to whether this note was, in fact, meant to be integrated within the letter. See, Owens v. Curtiss Candy Company, 169 F.2d 179, 185 (8th Cir. 1948); Frostwood Drugs, Inc. v. Fischer & Frichtel Const. Co., 352 S.W.2d 694 (Mo.1961). For purposes of this motion for summary judgment, this Court must resolve this factual dispute in plaintiff's favor.
Even considering these two documents as an integrated memorandum of the parties' understanding, however, the statute of frauds is still not satisfied. The writing must contain all the essential terms of the agreement, one of which is the duration of the employment relationship. Campbell v. Sheraton Corporation of America, 363 Mo. 688, 253 S.W.2d 106 (1952); Brookfield v. Drury College, 139 Mo.App. 339, 123 S.W. 86 (1909). Without such a term, the contract is merely one for employment at will, terminable at any time with no liability for breach of contract. Campbell, supra. Though plaintiff has alleged that the employment contract was to terminate in December, 1982, there is no indication of any such term in the writings purporting to constitute the contract. The mere fact that the accompanying note charts pay levels through 1982 does not constitute such a term. Defendant's motion for summary judgment on Count II will therefore be granted.
In Count III, plaintiff has alleged a cause of action alternate to that alleged in Count II. Plaintiff alleges that his contract of employment was to begin in March, 1978. No termination date is alleged. Since no duration is alleged, there is the possibility that the contract could have been fully performed within a year. As such, recovery under the contract is not barred by the statute of frauds. Want v. Century Supply Company, 508 S.W.2d 515 (Mo.App.1974).
As an indeterminate contract of employment, defendant had the right to terminate at any time, Campbell, supra, and did so in November, 1978. Plaintiff, in Count III, does not seek recovery for wrongful discharge or salaries and bonuses which allegedly would have been earned had plaintiff not been terminated. Such recovery is clearly not allowable. Just as clearly, though, plaintiff may recover amounts earned prior to his termination, Campbell, supra, which is all he is seeking to do in Count III. Defendant's motion for summary judgment on Count III will therefore be denied.