**J.A. TOBIN CONSTRUCTION COMPANY, a Corporation, Respondent,**

v.

**STATE HIGHWAY COMMISSION OF MISSOURI, Appellant.**

**No. WD 35423.**

Missouri Court of Appeals, Western District.

Jan. 28, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 5, 1985.

Application for Transfer Sustained April 30, 1985.

Case Retransferred Sept. 16, 1985.

Court of Appeals Opinion Readopted Oct. 22, 1985.

Bruce A. Ring, Chief Counsel, Jefferson City, Rich Tiemeyer, Asst. Chief Counsel, Tana Van Hamme, Asst. Counsel, Missouri Highway and Transp. Com'n, for appellant.

Michael P. Riley, Jefferson City, Carson, Monaco, Coil, Riley, & McMillin, P.C., for respondent.

Before KENNEDY, J.P., and DIXON and CLARK, JJ.

DIXON, Judge.

The Highway Commission appeals a jury verdict in favor of Tobin on a claim based on breach of a highway construction contract. The Commission claims error in (1) the refusal of its motion for a directed verdict; (2) the admission of evidence of Tobin's loss on the whole contract; (3) the admission of a letter from the Commission to Tobin claimed to be a settlement offer; and (4) the allowance of prejudgment interest.

Tobin was the successful bidder on a highway project in Platte County. The work was for a 4.5 mile section of I-29 adjacent to Mid-Continent Airport. The contract between the Commission and Tobin resulted from a request for bids on the project and Tobin's response. The request was for a unit price bid. Under this method of bidding, there is no upset price, the bidder submitting unit prices for each item of work detailed in the plans and specifica-tions, with payment to be made upon the basis of work actually performed. The plans and specifications necessarily indicate the amount of each type of work to be performed. The plans and specifications actually bid upon involved grading, cul-verts, lighting, signing, two 36-foot con-crete pavements separated by a median, related outer roadways, three full diamond interchanges, and one grade separation.

In September, 1968, the Commission be-gan a revision of the plans, ultimately re-sulting in Change Order # 7, which embod-ied the work required under the revised plans. In April, 1970, Tobin advised the Commission it did not agree to Change Order # 7. After some negotiation be-tween Tobin and the Commission, Tobin again rejected the modified Change Order # 7 and notified the Commission that the work would be performed on a force ac-count basis. After various adjustments, the Commission deducted $3,600.00 for 9 days' delay and paid Tobin upon the basis of unit prices.

At issue in the trial was Tobin's claim for $170,672.87 and the $3,600.00 delay penal-ty. Tobin's claim for $170,672.87 repre-sents the difference between the force ac-count and the amount paid by the Commis-sion based upon unit prices.

The jury awarded Tobin $118,078.13 plus interest at 6% on the contract claim and $2,800 plus interest at 5% on the remission of penalty claim.

The Commission asserts error in the ad-mission into evidence of two exhibits, both of which purport to be the same letter from the Commission to Tobin. The circum-stances of the admission of the letters is unusual. During the examination of a To-bin engineer, counsel for Tobin asked the witness to identify plaintiff's Exhibit 19. The witness stated it was a letter from the Chief Engineer for the Commission. The Commission promptly objected on the ground that the letter was an offer of compromise, adding that the whole issue had been previously discussed in chambers, at which time the court had indicated he

was not inclined to admit the letter. The court then ruled as follows:

THE COURT: That objection is going to be overruled, because I have looked at this exhibit, this letter, and it indicates to me that while there are words concerning offers in negotiations and settlement, and so forth, in there, it also indicates that the Highway Commission through its Claims Department—Claims Committee had determined, the engineer who wrote this letter said, "we have determined that some money is owed you", for that reason I am going to consider it as an admission. And I think the whole letter comes in if any comes in. All right.

The witness was then requested by Tobin's counsel to read a portion of the exhibit to the jury and the following was read to the jury:

"... it has been determined that the J.A. Tobin Construction Company is entitled to compensation greater than permitted by contract unit bid prices. This determination is based upon the price increases that occurred in the construction industry from the time the project was awarded until the time when the work was actually performed on the interchange. The Committee has arrived at what it feels is an equitable solution by determining an average bid price for the items involved using contract prices for the project and the Department's average unit bid prices for 1970 which was the year the interchange was actually constructed. Using the average unit bid prices the cost for the interchange revisions amounts to $152,797.28. The contract price was $126,257.40, leaving a net difference of $26,539.88."

Counsel for the Commission then began examination of the witness and asked if Plaintiff's Exhibit 19 was the letter as written by the Chief Engineer. From the inquiry and later colloquy, it appears that the Exhibit 19 in the hands of the witness was the complete letter, including several references to the document as a settlement proposal. Another version of Plaintiff's Exhibit 19 had been passed to the jury. The jury version had been substantially altered. Several sentences and a whole Paragraph had been removed by whiting out and the text and signature had been manipulated to conceal the gaps caused by the omissions.

The following colloquy at the bench demonstrates the occurrence.

Q. Do you have Plaintiff's Exhibit 19 in your hand?

A. That is correct.

Q. Is that the complete letter, Mr. Smith?

MR. RILEY: I am going to have to object, Your Honor. May we approach the bench?

[Counsel approached the bench and the following proceedings were had:]

MR. TIEMEYER: Your Honor, what he has done here, he has taken this September 5, 1972 letter and he crossed out, whited out, part of it. He has given the jury copies of it, and you can tell where it has been whited out; they have even moved the Chief Engineer's signature. They whited out all of this about being a settlement offer. They have tampered with this exhibit, Your Honor.

THE COURT: I thought it was all going to come in.

MR. RILEY: We said we had that part whited out. If he wants to put it in, let him put it in.

MR. TIEMEYER: He whited it out, he even moved the signature up to completely eliminate the top paragraph, and moved the signature up so that it looks like the whole letter.

MR. RILEY: If you want to put it in, that's fine. We sat in there and showed it to you.

THE COURT: When I was making the ruling on the offer you walked away, and I said that if any of this letter comes in all of it comes in.

MR. RILEY: Well, I certainly—let him put it in.

THE COURT: Well, I would say you can put the complete letter in.

MR. TIEMEYER: I will.

THE COURT: All right.

The Commission asserts it was error to admit the letter because it was a settlement offer. Tobin's rejoinder is that the Commission placed the entire letter in evidence as noted above and that the Commission cannot assert error in the admission of evidence they themselves offered. Cited in support of Tobin's position is *Davis v. Schott,* 508 S.W.2d 193 (Mo.App.1974). *Davis* holds that when objection is made to a letter and the objecting party later offers the same letter there is no error. However, *Davis* contains no such unusual fact situation as the instant case. The *Davis* rule is based on an application of the general doctrine of waiver. The Commission urges that to apply the *Davis* rule in the instant case would result in a manifest injustice.

■■■ The totality of the circumstances do not show such a waiver of its position by the Commission as to bar its claim of error regarding the admission of Exhibit 19. Tobin's counsel, by the artifice of the altered document, placed the Commission in an impossible situation. The alteration of the letter was also contrary to the trial court's direction, that if any of the letter were admitted it would all be admitted. There was considerable controversy about whether the Commission's counsel had seen the altered letter before it was offered. The record does not settle that dispute. If at any time a document must be altered or have portions excised before it is given to the jury, the changes should be made on the record and in the presence and with the supervision of the court. Nothing can gild the fact that the witness identified as Exhibit 19 a document, which was complete, and the jury was tendered and there has been filed in this court an Exhibit 19, which was substantially altered. The exhibit, which the jury saw and which it took to the jury room, reduced the dispute to a question of the amount due. Counsel for Tobin took full advantage of the exhibit in the argument, contending that the Commission's position at trial was a new position and one taken after the letter was sent.

Because of the circumstances in this case, the rule of waiver will not be applied and the claim of error by the Commission will be considered.

■■■ The letter from the Chief Engineer to Tobin is beyond cavil an offer of settlement of all of Tobin's claims against the Commission arising out of the contract. In no less than three places, the letter asserts that the offer is a settlement offer. The general rule is that a settlement offer is inadmissible because of the policy of the law favoring the settlement of disputes. If offers of settlement were admitted in evidence, they would have the natural tendency with the jury to denigrate the defense position at trial. No one would make such offers if the risk of their being before the jury were a necessary corollary of the offer.

Tobin seeks to avoid the general rule by reliance upon an exception that permits the proof of an independent fact contained in an offer of settlement. The rationale for the exception has not been delineated in the few Missouri cases recognizing the exception. There are a number of cases which turn on the question of whether or not given statements or documents were in fact settlement offers, but that is not the issue in the instant case.

The earliest Missouri case purporting to find a statement admissible as an independent fact even though contained in a settlement offer is *McKeown v. John Nooter Boiler Works Co.,* 237 S.W.2d 217 (Mo. App.1951). A close reading of *McKeown* shows the court found that the statements involved were not settlement offers. The case involved a claim for a commission. Under the court's analysis, the statements admitted liability and offered to pay a lesser amount than the amount that was unquestionably due if liability existed. In making this analysis, the court cited *Vigeant v. Fidelity National Bank & Trust,* 239 Mo.App. 46, 188 S.W.2d 533 (1945), also a commission case where there was an admission a commission was due and an attempt to pay a lesser amount than that agreed upon. The *McKeown* opinion con-

tains a reference to the exception, but cites only 20 Am.Jur., *Evidence* Section 566, p. 478, in support.

Tobin principally relies upon *Owen v. Owen*, 642 S.W.2d 410 (Mo.App.1982). In *Owen*, a husband and wife had been involved in a matrimonial dispute, primarily about the division of property. The husband's brother filed suit against the husband and wife, claiming interests in the property they were dividing. The wife filed a counterclaim for abuse of process. During the trial, the wife offered to prove the brother had said that, if the wife would settle the divorce suit for $50,000, he would abandon his lawsuit against the husband and wife. This was offered, noted the court, to show the ulterior motives of the brother's suit, *viz*, the forcing of a settlement in the pending divorce between the husband and wife. The *Owen* court stated the exception to the general rule as follows:

> [I]f an offer of settlement also constitutes an admission of an independent fact pertinent to an issue between the parties, then the offer of settlement is admissible on the trial of such issue.

*Owen*, 642 S.W.2d at 414. Cited in support are *McKeown, supra,* and 29 Am.Jur.2d, *Evidence*, Sec. 630, pp. 682–83. *Owen* is a case where the offer was made in *another case.* It is not a case where the offer pertained to the case then on trial. It was not offered to show an admission of liability in the ordinary sense. As the *Owen* court noted, the evidence of the offer of settlement in the divorce case by the brother, who was not a party, was relevant to the issue of the state of mind or intent of the brother as plaintiff in filing the lawsuit, which the wife's counterclaim contended was an abuse of process. The *Owen* court did not need to rely upon an exception to the general rule, and the language of the case shows that it did not.

The offer of settlement was not placed in evidence to show liability in the case in which the offer was made. The offer became proof of the brother's state of mind because of the consideration he expressed that the pending suit would be dismissed if the wife settled the divorce case. The purpose of the general rule is simply not involved. Proof of the offer in a separate case could have no effect on the issues in the divorce case.

In this respect, *Owen* is like *Spitcaufsky v. State Highway Commission of Mo.*, 349 Mo. 117, 159 S.W.2d 647 (1941), cited by both parties. In *Spitcaufsky*, the plaintiff contractor brought his action in several counts. The first, second, and third counts were defended by the Commission on the ground that no notice of claim was filed with the Commission.

The first count involved $1,500.00, claimed as the balance of the contract and retained by the Commission for delay. The second count was for additional costs due to delay. The third count was for additional materials. The plaintiff contractor had written the Commission making a claim for the $1,500.00 involved in Count I. The Chief Engineer wrote a letter, with a release attached, on August 9, offering to extend the time of completion and thus reduce the amount of retainage to $585.00. The letter referred to the operations which gave rise to the claims in Counts 2 and 3, stated that those operations occurred within specified dates, and justified the extension of the time of completion. The plaintiff contractor offered and the trial court received the letter in evidence. The judgment was for plaintiff on all three counts. The court reversed the judgment on Counts 2 and 3 and remanded for new trial on Count 3. The basis for the reversal on Counts 2 and 3 was the plaintiff's failure to give notice of his claim within 60 days. The plaintiff argued that the Chief Engineer's letter, despite its offer of compromise, was admissible to show that the Commission had notice of the claims because of the reference in the letter to the fact that the work from which the claims arose was being carried on. The court rejected that contention and declared the letter was not admissible as to Counts 2 and 3. The court remanded for a new trial on Count I because of the exclusion of evidence offered

by the Commission, but, in doing so, it necessarily held that the Commission had notice. To find that notice, the court held the settlement letter proved waiver of the notice of claim.

The use of the letter to show a "waiver" of the contractual requirement is not the same as an admission of the fact of notice or any other admission of fact. It is a matter of contract law.

■ This review of the authorities, which discuss the use of a settlement offer to prove a portion of the case, demonstrates that if there be an exception to the general rule, it is a very narrow one, requiring unusual facts to permit its application.

The commentators have criticized the use of relevancy as the test for admissibility and have urged the adoption of a rigid rule of privilege with no exceptions. Tracy, *Evidence—Admissibility of Statements of Fact Made During Settlement Negotiations,* 34 Mich.L.Rev. 239 (1935). Bell, *Admissions Arising Out of Compromise— Are They Irrelevant?,* 31 Tex.L.Rev. 239 (1953). Cal.Evidence Code, Section 1152, adopts this view as does Fed.R.Evid. 408.

Missouri Evidence Restated Section 408, rescripts the Federal Rule as the black letter statement of the law of Missouri in the following language:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. This rule does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

This statement of the rule is included in the section on relevancy, but the Committee Comment recognizes that the Missouri

cases have rested upon privilege as much or more than upon relevancy.

■ In light of the foregoing, the admission of this exhibit in evidence cannot be sustained. Factually, the situation in which this exhibit was offered is not comparable with any of the rare instances in which the Missouri courts have admitted such evidence. Its admission is contrary to the principle announced in Missouri Evidence Restated Section 408. The use of such a letter, clearly and unequivocally one of compromise, can do nothing but deter settlement compromises and thus militate against the public policy encouraging such settlements.

There can be no doubt of the prejudicial effect of this evidence. Tobin's counsel utilized it in direct examination of its own witnesses, in cross examination of the Commission's witnesses, and finally, with devastating effect, in the argument. The jury adopted the offer of the Commission as to the delay in its verdict on that issue. The erroneous admission of Plaintiff's Exhibit 19 requires reversal of the verdict.

The Commission also urges that the trial court should have sustained its motion for a directed verdict. The issue may not be preserved for review. No motion for judgment NOV was filed in the trial court. Rule 72.01(b) makes the denial of the motion for a directed verdict at the close of the evidence a conditional ruling by the following language:

> Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 15 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 15 days after the jury has been discharged, may move for judgment in

accordance with his motion for a directed verdict.

■ It is, however, unnecessary to reach or decide that question since the only relief requested by the Commission is a new trial, which has already been granted. Nor is it possible to give the Commission the relief it seeks on appeal, the entry of a judgment in its favor, because that relief was not requested in the trial court.

The Commission also urges error in the admission of evidence, on Tobin's behalf, of its loss on the entire contract. The issue arises in the context of the proof in this trial and the proof may not be the same in another trial. There is no necessity for resolving the issue on the instant appeal.

■ The Commission, by timely objection and preservation in the motion for new trial, challenges the allowance of interest on the Tobin claim. The decisions of the Supreme Court, binding on this court, make Tobin's claim an "account" and thus subject to interest. *Denton Construction Co. v. Missouri State Highway Commission*, 454 S.W.2d 44, 59–60 (Mo.1970), squarely controls the issue. The Commission cites cases from other jurisdictions and attempts to distinguish *Denton*. No reasonable distinction between *Denton* and this case exists. The foreign authority has no precedential value in the face of *Denton*.

Because of the error in the admission of the Tobin Exhibit 19, the judgment is reversed and the cause remanded for a new trial.

All concur.