STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff–Appellant,

v.

Jim Lynch TOYOTA, et al., Exceptions of Raymond Anthony Meyer, et al., Defendants–Respondents.

No. 61035.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 9, 1993.

Thomas Bertram Gilliam, Jr., St. Louis, for plaintiff-appellant.

Gerard Timothy Carmody, Sheila O. Hunsicker, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, the Missouri Highway and Transportation Commission, appeals from a judgment entered in the Circuit Court of St. Louis County, awarding respondents, Raymond Meyer, et al., the sum of $760,000.00 in this condemnation action. We affirm.

Respondents own and operate an R.V. and camper dealership under the name "Apache Village." Up to the time of the taking, it was evidently the most successful such dealership in the country. Respondents originally bought the property in 1975 after a prolonged search for an ideal site. A large factor in the success of the business was its location fronting on Interstate 270 near Lindbergh Boulevard. The property contained a two-story office building and showroom as well as parking space for a large number of vehicles. On August 10, 1988, appellant filed its petition to condemn 27,000 square feet of respondents' property. Respondents challenged the necessity of appellant's action, but to no avail. On September 9, 1988, the court entered an order of condemnation for 27,000 square feet of respondent's property. The taking left respondents with an irregularly shaped, 7,338 square-foot parcel, which appellant conceded at trial to be worthless.

Condemnation commissioners were appointed and they awarded respondents $570,000.00. Both parties filed exceptions to the award.

At trial, respondent John Meyer testified regarding the difficulty of finding another location for the business. On cross-examination, appellant elicited testimony that the new location was right next to the old one, and respondent had paid less for it. Appellant further implied that the improvements on the new property (a former day-care center) made it better than respondents' old location. On redirect, Meyer testified that the new property required extensive renovations to change it into a dealership office and showroom. Respondent testified he had to raise the roof trusses, remove and replace all joists, completely rebuild the entire roof, add showroom glass, remove some twenty toilets, and install new plumbing, wiring, heating and air conditioning. Accordingly, respondent testified, while he had bought the property for only $166,000.00, respondents had invested an additional $286,000.00 to put it in useable condition. Ultimately, he had invested $446,000.00 in a substantially smaller site which had no frontage on Interstate 270.

Two experts also testified for the respondents. Frank Haase, Executive Vice President of R.G. Ross Construction Company, testified that, in his opinion, the costs to reconstruct the improvements on the condemned property would be $274,471.00. Jerry Luck, a licensed real estate agent, also testified that, in his opinion, respondents' parcel of land was worth $15.00 to $18.00 per square foot.

Appellant's expert witness was Arthur Schneider, a real estate appraiser. He valued the improvements based on a photograph taken before respondents added over 800 square feet onto their facility in 1980. Using the replacement cost method, Schneider valued the improvements at $209,100.00.

On August 8, 1991, the jury returned a verdict for respondents in the amount of $760,600.00. Appellant's post-trial motions were denied on October 17, 1991, and this appeal ensued.

Appellant first alleges the trial court erred by admitting evidence on redirect over appellant's objection to the value of respondents' improvements to adjacent property, which respondents did not own, but leased from Mr. Jerry Luck. We begin by noting that the scope of redirect examination is within the sound discretion of the trial court and we review only for abuse of that discretion. *Johnson v. Minihan*, 355 Mo. 1208, 200 S.W.2d 334, 336–37 (1947).

While cross-examining respondent John Meyer, appellant elicited testimony that respondent had received a more desirable location for less money than his original site. On redirect, counsel for respondent elicited the above-objected testimony to rebut the adverse inference raised by appellant. "[A]fter a witness has been cross-examined the party calling him may by redirect examination, afford the witness opportunity to make full explanation of the matters made the subject of cross-examination so as to rebut the discrediting effect of his testimony on cross-examination and correct any wrong impression which may have been created." *Id.* 200 S.W.2d at 336 (citations omitted). Moreover, "[w]here the one party, on cross-examination of a witness, opens up a line of inquiry which is designed to discredit the witness in the eyes of the jury, the courts go very far ... in permitting the other party, on re-direct examination, to bring out those aspects of the matter which are favorable to the witness, even though, without the foundation afforded by the cross-examination, the evidence thus brought out would be wholly unjustifiable." *Id.* (citations omitted). The instant situation seems strikingly similar to the one discussed in *Johnson.* As we find the *Johnson* case both persuasive and controlling, we find no error. Point denied.

Appellant's second point claims the court erred by denying its motion for mistrial after the following statement by respondent's counsel:

They [the respondents] get an offer as you've heard already. They get an offer that is a fraction of the market value of the property.

Appellant claims that, since offers of settlement are inadmissible, this statement warrants a mistrial. We disagree.

The reason behind the general rule excluding offers of settlement is that they lend an aura of guilt and/or liability to the offering party. *J.A. Tobin Const. v. State Hwy. Com'n*, 697 S.W.2d 183, 186 (Mo. App., W.D.1985). Naturally, if such offers were admissible, no one would make them, because such behavior could only compromise one's position. *Id.* In condemnation cases such as the one before us, however, liability is not an issue. The State has taken respondents' property and the fact simply cannot be denied. In such a situation, a brief reference to an "offer" cannot be prejudicial, as the State has already admitted liability for the taking.

We also note that counsel for appellant never requested any relief other than the grant of a mistrial. A mistrial is an extreme remedy, to be used only when the error is grievous and the prejudicial effect thereof cannot be removed. *Sanders v. Wallace*, 817 S.W.2d 511, 516 (Mo. App., E.D.1991). If error exists, which we doubt, the impact of this statement can hardly be described as grievously prejudicial. A decision to deny a mistrial is well within the discretion of the trial court. *Pierce v. Platte–Clay Elec. Co-op., Inc.*, 769 S.W.2d 769, 778 (Mo. banc 1989). Point denied.

Appellant's last point claims the trial court erred by overruling its objection to the qualification of Mr. Jerry Luck as an expert witness for respondents. At the outset, we note that the qualification of an expert witness lies soundly in the discretion of the trial court. *Hord v. Morgan*, 769 S.W.2d 443, 448 (Mo.App., W.D.1989). Absent a manifest abuse of that discretion, we must affirm. *Id.*

The record before us discloses that Mr. Luck is a real estate investor with extensive knowledge regarding property values in the area close to the taking. Mr. Luck is also a licensed real estate professional with nineteen years' experience, and has taken several real estate appraisal courses. Moreover, being an adjacent landowner to the respondents' condemned parcel, he certainly had superior knowledge regarding both the property taken and respondents' resulting damages. His testimony was properly allowed. Point denied.

The judgment of the circuit court is affirmed in all respects.

SMITH, and STEPHAN, JJ., concur.